## THE STATE *vs.* RICHARDSON.

1. Where a defendant, convicted of a misdemeanor, is sentenced to pay a certain fine, and to be imprisoned until it is discharged, a release by the Governor from the imprisonment alone is not a release or satisfaction of the fine.

ERROR to the Circuit Court of Washington. Tried before the Hon. John Bragg.

BALDWIN, Attorney General, for the State :

1. A pardon does not discharge the costs going to the officers, and it was therefore error in the court below in sustaining the motion to quash the execution in the case, without payment of costs.—Bac. Ab. 7. 408, (*b ;*) *Exparte* McDonald, 2 Whart. 440; Perkins v. Stephens, 24 Pick. 280.

2. A remission of a fine by the Executive does not discharge the moiety going to the informer.—Rowe v. The State, 2 Bay. 565 ; U. S. v. Lancaster, 4 Wash. C. C. 64.

3. The rule seems to be this, when a fine or forfeiture belongs, and is going to the public, then the pardoning power may remit it, but where the fine or any part of it becomes vested in a subject, company of persons or corporation, then it cannot be discharged by a pardon.—Bac. Ab. 7, 418, (*h ;*) In the matter of Flournoy, 1 Kelly, 608 ; State v. Williams, 1 N. & McC. 26. Pardon may be partial or conditional.

4. Nothing but the imprisonment is released in this case. *The rule of law is, that no pardon shall be carried beyond the express purport of it,* and nothing is said about the fine or costs. —Bac. *supra,* 411, (*d ;*) U. S. v. Lancaster, *supra.*

5. The imprisonment was no part of the judgment, but a conditional, collateral and exemplary punishment inflicted by statute, and intended only by way of satisfaction to the public justice.— 2 Hawk, P. C. *c.* 37, § 39 ; 1 Stra. 530, cited in 7 Bac. Ab. 408.

6. But suppose the fine and costs in this case, or either, had been remitted in the pardon, would it not be inoperative and void as interfering with vested rights ? The State had no interest in the fine, it was the county of Washington.—Clay's Dig. 296 ;

§ 37 ; U. S. v. Lancaster, *supra*, 64 ; State v. Williams, *supra*, 26 ; In matter of Flournoy, *supra*, 608 ; 2 Dunf. & East. 569.

7. But it may be said that a release of the person from imprisonment is a satisfaction of the fine. This is the common law rule, but it has been changed by the insolvent debtor's law. —Clay's Dig. 273, § 2, and 277, § 13 ; U. S. v. Stanbury, 1 Pet. 575.

RAPIER, for the defendant :

The release of the defendant from imprisonment was not a release from a portion only of the punishment to which he was condemned. His imprisonment was not a distinct portion of his punishment. His body was ordered to be held in custody to enforce the payment of the fine.—Clay's Dig. 430, § 21, 441, § 22. The release of the defendant from custody under a *ca. sa.* was at common law an extinguishment of the debt.—Opinion, of Chief Justice Cranch, in the case *Exparte* Watkins, 7 Peters, 670 ; Vigers v. Aldrick, 4 Barr. 2482 ; Tanner v. Hague, 7 Term R. 420 ; Freeman v. Ruston, 4 Dallas' R. 217.

The principle that the release of defendant's body out of custody by consent of the plaintiff, amounts to satisfaction in law, is in force in this State, there being no change in it by statute. The release of the defendant by the Executive, he being the representative of the State, and clothed with her authority for such a purpose, was a release by the plaintiff. The effect was the same as it would have been had the fine been expressly remitted.

Writs of *fi. fa.* against the lands and goods of the defendant, should not have been issued whilst he was in custody. Any such writ then issued was quashable, for the taking of the body was full execution. See authorities cited in the opinion of Chief Justice Cranch, above referred to.—7 Peters, 574 ; Clay's Dig. 247, § 3.

Whether the common law rule should be applied in constructing the language used by the Executive of this State, in the exercise of the pardoning power, has not yet been decided. But reason and the analogies of law indicate that such a construction should be applied as will give effect to his act, and an effect according to his intention as indicated by the terms and purposes of the language employed. And it must be presumed that the

he intended what was a legal and necessary consequence of his act.

Costs may be discharged by the pardoning power.—7 Bac. Ab. 408, (*b*;) 4 Wash. C. C. Rep. 66.

DARGAN, C. J.—The defendant was indicted in the Circuit Court of Washington for concealing a slave, who had been indicted for a capital offence. He was convicted and fined one thousand dollars, and sentenced to imprisonment in the county jail until the fine and costs were paid. After being imprisoned for some time, he was pardoned by the Governor from further imprisonment, but the pardon did not mention the fine. After he was discharged from imprisonment, several writs of *fieri facias* were issued against his property, and at the fall term 1849, he moved the court to quash the writs of execution and enter satisfaction of the fine and costs, on the ground that the discharge from the imprisonment operated in law as a discharge of the fine. The motion was granted and the cause is brought here by writ of error at the instance of the State.

The principle is perfectly settled, that in a civil suit between individuals, if the defendant be in custody under *a capias ad satisfaciendum*, and is discharged therefrom, with the consent or by the act of the plaintiff, the judgment itself is discharged, and consequently no process can ever after be legally issued thereon, either against the goods or the person of the defendant.—Cooper v. Bigelow, 1 Cow. 56; Little v. The Newberry Bank, 14 Mass. 443; Vigers v. Aldrich, 4 Burr. 2482. The reason why the discharge of the defendant from the arrest discharges the judgment, is this, that when once the defendant is in execution the judgment is satisfied, and if the defendant be released by the consent of the plaintiff, he cannot be again taken in execution, for the debt, in law, is extinguished.—Tanner v. Hague, 7 D & E. 247; Vigers v. Aldrich, 4 Burr. *supra*. This is the rule of the common law, and I think it obtains in this State, with some few exceptions. For instance, if the defendant take the benefit of the insolvent act, although his person is not again liable to arrest, yet the judgment is not satisfied, and execution may go against his goods and lands afterwards acquired. So if a debtor die in prison, the debt survives. But is this rule of the common law applicable to the case before us? The debt is due to the State, being a

fine imposed for the commission of a high misdemeanor. We think it perfectly well settled at the common law, that although one be in custody under judgment of imprisonment until a fine for a misdemeanor is paid, still the King may have process of execution against the goods and chattels, lands and tenements, of the defendant, and if he be not in custody, a *capias pro fine* may issue against his person, and execution against his goods also, or a writ may issue against his body, goods, and chattels, lands and tenements.—Rex v. Woolfe, 1 Chitty's R. 401 ; Rex v. Wade, Skin. R. 12 ; 2 Barn. & Ald. 609.

The difference then between a private judgment and one for a fine due to the King is this ; the imprisonment of the defendant under a private judgment is in law a satisfaction of it, but the imprisonment of the defendant for the non payment of a fine is no satisfaction thereof, and execution may issue against his goods, notwithstanding his imprisonment; and as the imprisonment for the non payment of a fine is not a satisfaction of the judgment, we think it entirely clear that this imprisonment may be released without discharging the debt. This would be the case in regard to private judgment, if the arrest and imprisonment of the defendant did not work a satisfaction of the judgment. Under this view, we think the court erred in quashing the execution and ordering the judgment to be satisfied, for it is certain that it was not the intention of the Executive to release the fine, but the imprisonment alone. Let the judgment be reversed and the cause remanded.