## GREEN v. UNITED STATES.

The act of July 2d, 1864, which enacts that in courts of the United States, there shall be no exclusion of any witness in civil actions, "because he is a party to or interested in the issue tried;" and the amendatory act of March 3d, 1865, making certain exceptions to the rule, apply to civil actions in which the United States are a party as well as to those between private parties.

In error to the Circuit Court for the Southern District of Ohio.

This was an action of debt brought by the United States against one Green, and the sureties on his official bond, as agent for paying pensions at Cincinnati. Seven sureties were named in the bond, all of whom executed it. The defendants charged as sureties, besides filing a joint plea of *non est factum*, each filed separate special pleas, first, to the effect that they signed the writing whilst the same was in blank, as to the names of the obligors, at the request of the principal, Green, upon the assurance and agreement that it should also

be signed and sealed by other parties (named in the plea), as joint obligors with the defendants, and should not be delivered as a bond until signed and sealed by said persons; that those other persons never did sign the same; and that the defendants never would have executed the bond except upon the condition that they should sign it. A second plea averred that the bond was signed whilst it was in blank, as to the names of the obligors, on the conditions above-named, and being thus signed was left with Green as an escrow, to be by him delivered to the plaintiff in case it should be executed by the other persons named, and not otherwise; but that those other persons never did sign the bond, and it never was delivered as a valid bond of the defendants, and thereby became wholly annulled and vacated.

To these special pleas the plaintiff demurred, but the demurrers were overruled, to which overruling the district attorney excepted, and the exception was entered of record; and thereupon replications were filed and issue joined on the pleas. The replications denied that the bonds were signed in blank as pleaded; denied any legal subsisting agreement whereby Green was to obtain the signatures of the persons named in the pleas; and averred that the defendants delivered the bond without giving the plaintiffs any notice that it was imperfect, but on the contrary delivered it as a full and complete obligation.

Upon these issues the parties went to trial, and a verdict was found for the plaintiffs of several thousand dollars. On the trial the defendants offered one or more of their number to prove the facts set up in their special pleas; but the court rejected the witnesses, on the ground that they were parties defendant to the action, and, the government being plaintiff, could not testify. To this ruling a bill of exceptions was taken, and a writ of error brought to this court.

By the third section of the act of Congress, passed July 2d, 1864,* it is provided that:

"In the courts of the United States, there shall be no exclu-

---

* 13 Stat. at Large, 351.

sion of any witness on account of color, nor, in civil actions, because he is a party to, or interested in, the issue tried."

This section was amended by an act passed March 3d, 1865,* by the addition of the following proviso:

" Provided, that in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with, or statement by, the testator, intestate, or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court."

The trial in this case took place in June, 1866, after the passage of the above acts.

*Mr. Fox, for the plaintiff in error,* citing *Attorney-General* v. *Radloff,*† contended that the evidence had been improperly rejected; that the government was as much bound by the language of a statute, regulating the admission of evidence in civil suits where it was a party, as were individuals; and that the statutes themselves not having excepted it, this court could not do so.

*Mr. Hoar, Attorney-General, and Mr. W. A. Field, Assistant Attorney-General, submitted, contra,* that the statutes were meant to give both parties an equal standing in court in respect to evidence; that the United States not being able to testify, a party opposed to them should not be allowed to do so either; and that independently of this, it was a rule of construction that " the king is not bound by any act of Parliament, unless he be named therein by special and particular words."‡

Mr. Justice BRADLEY having stated the case, as already given, delivered the opinion of the court.

We see no reason why these acts should not be applied to trials in which the United States are a party, as well as those

---

\* 13 Stat. at Large, 533.                    † 10 Exchequer, 84.

‡ See Jones v. United States, 1 Nott & Huntingdon, 384.

between private persons. The express exception of executors, administrators, and guardians would seem, by necessary inference, to leave all other suitors under the operation of the law. It is urged that the government is not bound by a law unless expressly named. We do not see why this rule of construction should apply to acts of legislation which lay down general rules of procedure in civil actions. The very fact that it is confined to *civil* actions would seem to show that Congress intended it to apply to actions in which the government is a party, as well as those between private persons. For the United States is a necessary party in all criminal actions, which are excluded *ex vi termini;* and if it had been the intent to exclude all other actions in which the government is a party, it would have been more natural and more accurate to have expressly confined the law to actions in which the government is not a party, instead of confining it to *civil* actions. It would then have corresponded precisely with such intent. Expressed as it is, the intent seems to embrace, instead of excluding, civil actions in which the government is a party. Nothing adverse to this view can be gathered from the exceptions made in the amendment passed in 1865. These exceptions only relate to evidence of transactions with, or statements by, a deceased party (who cannot testify), or by a party under guardianship. In this case no transactions with, or statements of, the agents of the United States were attempted to be proved by the defendants who were called as witnesses;—nothing but conversations between the defendants themselves. We think the witnesses were competent under the act, and that the court erred in rejecting them.

For this reason the judgment must be REVERSED AND A NEW TRIAL AWARDED.

The court, however, deem it proper to say that they have grave doubts whether the facts set up in the special pleas, and offered to be proved by the witnesses, constitute a valid defence to the action. But as this point was not discussed by counsel, we refrain from expressing any opinion upon it.