## GEORGE B. MYERS *v.* MARSHALL COUNTY.

1. OFFICERS' FEES. *Revised and regulated by act of 1875.*

   "An act establishing the fees of certain officers," approved March 6, 1875, declares, in the first section thereof, that it shall be lawful for the officers therein named to receive the fees thereinafter mentioned and allowed, and no more. This act constitutes a general revision of the entire legislation on the subject of the fees of the officers therein named, and such officers are not entitled to any fees where the right to the same is not given, or distinctly recognized, in said act.

2. CIRCUIT CLERK. *Fees in criminal cases.*

   The act of March 6, 1875, after establishing the fees receivable by circuit clerks in criminal cases, provides that they may receive, for public services not therein particularly provided for, an allowance of $50 per annum, "provided that no part of it shall be for fees which may accrue on prosecutions in which the state may fail, and the costs be not taxed on the prosecution." Under this act circuit clerks are not entitled to any allowance for services rendered in criminal cases in which the state fails in the prosecution, or in which the defendants, upon conviction, are unable to pay the costs.

3. STATUTES. *Repeal by implication.*
  A subsequent statute, not repugnant in its provisions to a former one, but clearly intended to prescribe the only rule in the case provided for, repeals the former statute.

ERROR to the Circuit Court of Marshall County.

Hon. J. W. C. WATSON, Judge.

George B. Myers, the circuit clerk of Marshall County, made a motion in the Circuit Court of said county, at the April term, for the allowance of an account presented by him for services which he, as clerk, had rendered in state cases at the October term, 1876, and the April term, 1877, of said court, wherein the state failed in the prosecution, and wherein the defendants, upon conviction, were unable to pay the costs. The court overruled the motion, and refused to allow the account. And thereupon Myers sued out a writ of error.

*Featherston & Harris,* for the plaintiff in error.

Statutes *in pari materia* are to be construed together, so as to give effect to all, and to present harmonious legislation. *Scott* v. *Searls,* 5 Smed. & M. 25; *Shelton* v. *Baldwin,* 4 Cushm. 439; *Martin* v. *O'Brien,* 5 Geo. 21; *McIntyre* v. *Ingraham,* 6 Geo. 25.

There is really no conflict between the act of 1873 and the 1st section of the act of 1875, which is relied on for the repeal of the former. The act of 1873 provides that circuit clerks shall be allowed one-half of the fees fixed by law in all cases in which the state fails in the prosecution, the prosecutor shall not be taxed with the costs, or the defendant shall, on conviction, be unable to pay the costs. The latter part of section 1 of the act of 1875 cannot repeal the act of 1873, because it provides that the allowance of $50, for services not provided for in the act of 1875, shall not be for fees accruing in prosecutions in which the state may fail, and the costs be not taxed on the prosecutor, but for other and different services. Each statute was intended to provide pay for a different kind of service rendered by the clerk. The provision of $50 in the act of 1875 was intended to pay the clerk for services in issu-

ing subpœnas for witnesses to come before the grand jury, for making out court dockets, etc., for which no other provision has been made by law.

If the act of 1875 repeals the act of 1873 at all, it is by implication. Repeals by implication are not favored, and are never allowed unless the two acts are so directly in conflict that both cannot stand. *McAfee* v. *Southern R. R. Co.*, 7 Geo. 669 ; *Commercial Bank of Natchez* v. *Chambers*, 8 Smed. & M. 9 ; *White* v. *Johnson*, 1 Cushm. 68 ; *Peyton* v. *Caboniss*, 44 Miss. 808. Upon well-established rules of construction, the acts of 1873 and 1875 can be made to harmonize ; both can be made operative.

*W. S. Featherston*, of counsel for the plaintiff in error, argued the case orally.

*T. C. Catchings*, Attorney-General, for the defendant in error.

Under the fee-bill in the Code of 1857 (sec. 143), which is substantially the same as that in the act of March 6, 1875, circuit clerks had to look for their costs in criminal cases to the defendant or the prosecutor. If the defendant was acquitted, they had no claim at all. The act of 1873 changed the law so as to allow them one-half costs, where the defendant or prosecutor could not be made to pay, or the state fails to convict, payable out of the state treasury. The act of March 3, 1875, imposed this burden upon the county, instead of the state treasury. By the act of March 6, 1875, the whole subject of fees was revised ; and by the reënactment, almost literally, of the fee-bill of 1857, it is perfectly manifest that the Legislature meant to return to the law as it then stood, repealing all other legislation, and making that act the sole law in the premises. Aside from this, it is evident from the act itself, especially the first and last sections, that it was designed to supersede all previous legislation.

While repeals by implication are not favored, and while generally, unless there is a positive repugnancy between two statutes, such construction must be adopted as will enable them both to stand, yet where the legislative intention is manifest

that the later shall be the sole law, that intention must be effectuated by the courts, regardless of any question as to its consistency or inconsistency with prior statutes.

*T. C. Catchings*, Attorney-General, also argued the case orally.

CHALMERS, J., delivered the opinion of the court.

By the act of April 15, 1873 (p. 38), circuit clerks were entitled to receive from the state treasury one-half of the fees in state cases where the costs could not be made out of the defendant. By section 3 of the act of March 3, 1875 (Sess. Acts 1875, p. 41), this burden was transferred from the state to the county treasuries. Three days after the passing of this last-mentioned act, to wit, on March 6, 1875, was enacted the "Act to establish the fees of certain officers" (Sess. Acts 1875, p. 137), which constitutes a general revision of the entire legislation on the subject of the fees of the officers therein named, among whom are circuit clerks. In its opening sentence it declares that the officers enumerated shall receive " the several fees thereinafter mentioned and allowed, and no more." After establishing the fees receivable by circuit clerks in criminal cases, it provides that they may receive, for public services not enumerated, an allowance of $50 per annum, " provided that no part of it shall be for fees which may accrue on prosecutions in which the state may fail, and the costs be not taxed on the prosecution." By section 14 it is made penal for any officer " to receive or demand any money, fee, or reward whatever, not enumerated" in the act. There is in the act no authorization of the reception of any moneys from the state or county treasuries, except the *ex-officio* allowance of $50 above alluded to, as to which it is declared that it shall not embrace any claim for services in state cases where the state has failed in the prosecution, and the costs are not taxed on the prosecutor.

We regard this act as a revision of the whole legislation on the subject of the fees of the officers embraced in it, and as

precluding the assertion of any right on their part not given, or distinctly recognized, by the act. *Mobile & Ohio R. R. Co.* v. *Weinar*, 49 Miss. 725.

"A subsequent statute, not repugnant it its provisions to a former one, but clearly intended to prescribe the only rule in the case provided for, repeals the former statute." *Swann* v. *Buck*, 40 Miss. 270.

Judgment affirmed.