THE STATE v. FRANK AND MARY PIAZZA.

1. TAXATION. *Remedy for collection.*
   If the statute which creates a tax provides a special remedy for its collection, such remedy is exclusive, and an ordinary action to recover the tax will not lie, unless it is so expressly provided.

2. SALE OF LIQUORS. *Privilege tax, how collected. Code* 1880, § 1109.
   A suit will not lie in behalf of the state to recover the amount of unpaid privilege tax imposed by § 1109, of the code of 1880, upon retailers, who sell or give away liquors in less quantities than one pint. The summary remedy for its collection by the sheriff, and the penalty provided by said section, must be deemed sufficient to secure the payment of such tax.

3. STATUTES. *Construction thereof. Courts will not supply omissions.*
   It is beyond the power of courts to supply by judicial construction what is palpably omitted in a statute.

4. STATUTES. *General rules of law.   State bound thereby.*

　While the state is not ordinarily bound by a statute, unless expressly named therein, or included by necessary implication, yet there is no good reason for exempting it from the operation of general rules of law, or the fair interpretation of language in statutes.

APPEAL from the circuit court of Warren county.

HON. RALPH NORTH, Judge.

*1. M. Miller,* attorney-general, for the appellant.

The law in relation to the sale of liquors is both a regulation of the traffic and a scheme to raise revenue.   In pursuance of the regulation feature, it must be certified to the proper authorities that the applicant is a sober and suitable person to engage in such a dangerous traffic, and a bond is required to secure compliance with the regulations.   In its other aspects, the party who carries on the trade is required to contribute to the public revenues.   In other words, to pay a tax, the minimum of which is three hundred dollars in cities.

It is the fact of engaging in the business that calls for the contribution or tax, and not the mere compliance with local regulations.

It is assumed that the argument in the lower court on the demurrer was that, admitting the defendants carried on a business for which the state required a tax, still, since the defendants violated the law and rendered themselves liable to a criminal prosecution with its penalties, they could not be sued civilly.   In other words, the false assumption was indulged that the state required payment for the permission and consequent protection or immunity from indictment.

The answer is: first, that a criminal prosecution is never designed for the collection of a debt; and second, the state was ready to furnish a formal license if the parties had applied for it in the proper way.   Having carried on the trade for which the tax was exacted, the defendants would be taking advantage of their own wrong if they should be permitted thus to escape their civil liability. This would be violative of a fundamental maxim.

Suppose the defendants had gone through the forms of law and

obtained a license, but instead of paying money should have inno-cently or designedly paid in counterfeit money and the same had come into the treasury and remained undiscovered for a year, would it be said they had obtained a valid license? Yet, if sued, would they be permitted to avoid payment of the tax on the ground of its invalidity? The above maxim forbids.

But from another point of view this suit is maintainable. By § 594 of code of 1880, it is provided that any one failing to pay the privilege tax imposed, but pursuing the business taxed, may be proceeded against by suit, etc. And by the act of February 24, 1886, the privilege tax on liquors is brought into the statute, if not already there, by fair intendment. See Acts 1886, p. 162.

Suit was properly in the name of the state, as the money goes to the common school fund.

*J. M. Gibson,* on the same side.

While taxes are not debts in the ordinary sense of the word, and while their collection in general depends upon the remedies given by the statute, yet where there is no remedy specially pro-vided for their collection, a remedy by suit may fairly be implied. Cooley on Tax. 13 *et seq.* . Accepting this as the rule, we contend that there is no adequate remedy in the statutes which provides a special remedy for the collection of such taxes. It is true certain penalties are imposed for failure to pay the tax and take out license, as a punishment for such neglect, dealing with it as a crime.

For such neglect a fine may be imposed within certain limits. Code, § 1112. By § 594 of the code the sheriff is empowered to sue for the unpaid privilege tax. The question then is, whether a liquor license is such a privilege as those enumerated in § 585 of the code, for which the remedy by suit of the sheriff is given. If this be the case, we would only have to amend so as to bring the suit in the name of the sheriff for the use of the state.

But I am of the opinion that § 594 does not apply to this kind of license, because § 585, enumerating privileges, was enacted first, on the 5th March, 1880. See Acts 1880, p. 19.

The tax on retailers of liquors was not there enumerated, but was first embodied in our law in the code 1880, which went into

effect November 1, 1880, over six months after § 585 was the law.

No remedy being provided for collecting this tax, a suit in the name of the state was proper. This follows by necessary implication. Cooley on Taxation 300 ; *State* v. *Williams,* 8 Tex. 384.

*Martin Marshall,* for appellee. No brief on file.

ARNOLD, C. J., delivered the opinion of the court.

If the tax had been imposed or the liability incurred, and no method had been provided by law for its collection, it might well be held, that the legislature contemplated its enforcement by the ordinary remedies, and, from necessity, resort might be had to appropriate legal remedies. The doctrine of the maxim, *ubi jus, ubi remedium,* would then apply.

But that is not the case before us. On the contrary, the statute which creates the tax or liability, provides a special remedy for its collection. Code, § 1109. In such case, it is generally held, that the remedy provided by statute is exclusive, and that an action does not lie for the recovery of the tax. *Camden* v. *Allen,* 2 Dutch. 398 ; *Carondelet* v. *Picot,* 38 Mo. 125; *Packard* v. *Tisdale,* 50 Me. 376 ; *Turnpike Corporation* v. *Gould,* 6 Mass. 40 ; *Crapo* v. *Stetson,* 8 Met. 393 ; *Durant* v. *Supervisors,* 26 Wend. 66 ; *Shaw* v. *Peckett,* 26 Vt. 482 ; *Board of Education, etc.,* v. *Old Dominion, etc.,* 18 West Va. 441 ; *Lane Co.* v. *Oregon,* 7 Wall. 80 ; Cooley on Taxation, §§ 15, 16.

On general principles and the great weight of authority, the judgment of the lower court was right. But this view is conclusively strengthened by the fact that § 294 of the code, on a kindred subject, in addition to the other remedies specified for the collection of the privilege taxes therein referred to, expressly authorizes suit to be brought for the same; while § 1109 of the code, which fixes the liability for selling or giving away liquor without license, and makes it indictable and punishable upon conviction, also requires the sheriff to assess and collect the tax, but does not authorize suit to be brought for it. It is immaterial to inquire why the legislature authorized suit in one case, and not in the other. Beyond con-

troversy, that is what was done, and unless the principle of the maxim *expressio unius exclusio alterius* is abolished, a suit may be maintained in the one case, but not in the other. There is no place for doubt or construction in regard to the matter. The legislative will is as clearly shown by the omission to legislate on a given subject, as by the use of the most explicit and positive language. And though there may be a plain *casus omissus,* it is beyond the power of courts to supply it. Sedgwick on Stat. and Const. Law 365; *Ripley* v. *Gifford,* 11 Iowa 367.

It has not been the policy in this state to collect taxes by suit, and the criminal law has been deemed sufficient and is relied on to prevent the sale of liquor contrary to law. Code, chap. 39.

If the plain, simple and inexpensive statutory method of collecting taxes may be disregarded, and the district attorney may become tax collector, at pleasure, by suit at law, in one case, why may it not be done in all cases? And to what consequences would such new and dangerous principle incorporated into our system of taxation, by judicial interpretation, lead? What is the limit of time within which such suits may be brought? To what statute of limitations would the state be subject? How long would the citizen be left to the mercy of spies and informers, and exposed to the vexation and cost of legal proceedings in reference to a burden which is generally sufficiently onerous?

We recognize the rule that laws are intended primarily for the government of individuals and not for the state, and that the state is not bound by statute, unless it is expressly named therein, or is included by necessary implication. The English precedents on the subject, are based on the old feudal ideas of royal dignity and prerogative, and have been adopted to some extent in this country. But there is no good reason for exempting the state, merely because it is the state, from the operation of general rules of law, or the fair interpretation of language. Sedgwick on Con. Stat. and Const. Law 28, 107. Confidence in this view is not shaken by the unqualified *dicta* on the subject, in *The City of Dubuque* v. *Ill. Cent. R. R. Co.,* 39 Iowa 56, and in *Savings Bank* v. *U. S.,* 19 Wall. 227.

The test, in every case, in which the question whether or not the state is included in the language of a statute has to be determined, cannot be a mere general rule, arbitrarily applied, one way or the other, but the object of the statute, the purpose it was to serve, the mischief it was intended to remedy, and the consequences that are to follow, must be considered. Endlich on Inter. of Statutes, § 167 ; *Com.* v. *R. R. Co.*, 3 Cush. 25 ; *Green* v. *U. S.*, 9 Wall. 655.

There seems to be no room for excluding the state in the case at bar, where the statute was passed for its benefit, and declares both its right, and the remedy for its enforcement.   *Com.* v. *Garrigues*, 28 Pa. St. 9.

*Affirmed.*