ALLEN, U. S. Marshal, v. CLARK.

(Circuit Court of Appeals, Fourth Circuit. November 5, 1903.)

No. 468.

1. HOMESTEAD EXEMPTION — JUDGMENTS IN FAVOR OF UNITED STATES FOR FINES OR PENALTIES.

Rev. St. § 1042 [U. S. Comp. St. 1901, p. 724], which provides that a poor convict, who has been imprisoned 30 days solely because of the nonpayment of a fine or fine and costs, may be released on making oath that he has not any property exceeding $20 in value, "except such as is by law exempt from being taken on execution for debt," construed in connection with section 1041 [U. S. Comp. St. 1901, p. 724], providing for the collection of fines and penalties by execution against the property of the defendant "in like manner as judgments in civil cases are enforced," evidences an intention on the part of Congress to place the United States on an equality with civil contract creditors in the enforcement of judgments in criminal and penal cases, and to give the families of poor convicts the full benefit of the exemption and homestead laws of the states as against such judgments; and, in the absence of any statute expressly providing therefor, an execution on a judgment for a fine in favor of the United States cannot be levied on the defendant's homestead in Virginia, although under the state law such homestead is only exempt from contract debts, and not from judgments for torts or in favor of the commonwealth in criminal cases.

Appeal from the District Court of the United States for the Western District of Virginia.

For opinion below, see 114 Fed. 374.

John C. Blair, Asst. U. S. Atty., for appellant.

Allen I. Harless, for appellee.

Before GOFF, Circuit Judge, and BRAWLEY and BOYD, District Judges.

GOFF, Circuit Judge. Had the question suggested during the consideration of this case by this court, viz., "Did the taking of the oath under section 1042 of the Revised Statutes of the United States release the appellee from the payment of the fine, as well as from the imprisonment imposed?" been disposed of by an affirmative answer, the result would have been an affirmance of the decree appealed from, but for reasons other than those assigned by the court below. That question having been answered in the negative, it remains to be determined if there was error in said decree by which the injunction restraining the sale of appellee's land was perpetuated.

The opinion of the court below, hereafter referred to, sufficiently states the facts, hence we find it unnecessary to repeat them. We add simply that, after the demurrer was overruled, the defendant below, appellant here, tendered his answer, to which a general replication was filed. The case was then argued and submitted, after which the court below, finding that the answer raised only the matters presented by the demurrer, passed the decree complained of.

It is alleged that there is error in said decree, for the following reasons: First. "Because the United States has the right to subject the real estate of the appellee to the payment of the fine and

costs due by him to the said United States, and the homestead laws of the state of Virginia do not apply to a fine imposed for a violation of the criminal laws of the United States." Second. "Because the District Court of the United States for the Western District of Virginia had altered the form of its process of execution so as to extend to real as well as personal property, and the marshal had the right to levy and sell any property, real or personal, in this case, that was subject to like process from the courts of Virginia." Third. "Because the United States has the right to subject to levy and sale any property made liable for a similar debt by the state of Virginia, and that state has made the homestead liable for a fine due from a citizen to it." Fourth. "Because at common law an execution for a debt due the crown could be levied upon real estate, and the United States has the same right as existed in favor of the crown at common law for the enforcement of its fines."

We have given the points so ably presented by counsel for appellant, as also the authorities cited by him, that careful consideration and examination that the importance of the issues here presented demand, and we find ourselves impelled to the conclusion reached by the court below.

The Hon. Henry C. McDowell, United States District Judge for the Western District of Virginia, who heard the case below, filed an opinion (114 Fed. 374), in which the questions herein involved are clearly presented and forcefully discussed, and finding, as we do, no merit in the assignment of errors relating to the homestead law, we adopt his views—in which we fully concur—as the judgment of this court, and quote them as follows:

"At a former term J. B. Clark was tried on an indictment charging him with retailing liquor without license (Rev. St. 3242 [U. S. Comp. St. 1901, p. 2094]), found guilty, and sentenced to 30 days' imprisonment and to pay a fine of $100 and costs. He served out his term of imprisonment, and, after having served 30 days on account of the nonpayment of the fine, he made the oath under Rev. St. 1042 [U. S. Comp. St. 1901, p. 724], and was released. Thereafter fieri facias was issued directing the marshal to make the fine of $100 and $96.40 costs out of the goods, chattels, and real estate of the convict. Under this execution the marshal levied on certain real estate belonging to Clark, and advertised it for sale. After the levy, but before sale, Clark filed a homestead deed, whereby he set apart as a homestead the real estate levied on, as well as certain personal property. He then applied for an injunction restraining the marshal from selling the land. On August 25, 1900, a temporary injunction was granted. The petition praying for the injunction alleges that Clark is a householder and head of a family, and that his entire estate is less in value than the amount exempt under the Virginia homestead laws. The case is before the court on a demurrer to the petition.

"The only question presented by counsel is whether or not the homestead exemption can be claimed as against a judgment for a fine in favor of the government. The homestead laws of this state are unlike those generally in force, in that they apply only to contract debts. Article 11 of the state Constitution reads: 'Every householder or head of a family shall be entitled * * * to hold exempt from levy, seizure, garnisheeing, or sale under any execution, order or other process, issued on any demand for any debt heretofore or hereafter contracted, his real and personal property, or either, * * * to the value of not exceeding two thousand dollars, to be selected by him.' Then follow certain exceptions, not now of importance. The statute (section 3630, Code 1887) reads: '* * * On any demand for any debt or liability on contract. * * *' The right to select property and set it

apart as a homestead after judgment, but before a sale, by filing a homestead deed, is not questioned. In Whiteacre v. Rector, 29 Grat. 714, 26 Am. Rep. 420, the Court of Appeals of Virginia decided that the homestead exemption cannot be claimed against a fine due the commonwealth, imposed for a violation of the criminal laws. So far as I am advised, this decision, rendered in 1878, has never been overruled, or even questioned, by the Court of Appeals. I am compelled to treat it as the proper construction of the state law. In Frazier v. Baker (1881) 5 Va. Law J. 565, the Court of Appeals held that the homestead exemption could not be claimed against a judgment for a tort. In Burton v. Mill (1884) 78 Va. 468, the same court made the same ruling as to a judgment for damages for breach of promise to marry, holding such damages to be not a debt contracted, but a quasi tort. It is true that the late Judge Hughes, United States District Judge, Eastern District of Virginia, in Radway's Case (1877) 3 Hughes, 609, Fed. Cas. No. 11,523, held to the contrary. But the rulings of the state Court of Appeals (the court of last resort) are, I conceive, of higher authority on the construction of the state law.

"By Rev. St. 1042, a poor convict who has been imprisoned thirty days solely because of the nonpayment of a fine or fine and costs may be released on making oath that he has no property (exceeding twenty dollars in value) except such as is by the state law exempt from being taken on civil precept for debt. This language clearly includes the property exempt from sale for a judgment on a contract debt. The bearing of this section on the question will be considered later. At present the point of most interest is to learn where, if at all, Congress has shown an intent to give to the federal government in the enforcement of fines imposed in Virginia the same rights that are exercised by the state of Virginia in enforcing fines imposed by the state courts for violation of the state criminal laws.

"By section 916, Rev. St. [U. S. Comp. St. 1901, p. 684], the party recovering a judgment in any common-law cause in any circuit or district court shall be entitled to similar remedies upon the same * * * as are now provided in like causes by the laws of the state. It is settled that the language 'the party recovering a judgment' includes the government. Green v. U. S., 9 Wall. 655, 19 L. Ed. 806; Fink v. O'Neil, 106 U. S. 272, 1 Sup. Ct. 325, 27 L. Ed. 196. But this section in terms applies only in 'common-law causes.' If no similar statutes had been construed, we might be at liberty to treat the term 'common-law causes' as including all causes, civil and criminal, other than equity or admiralty causes. But section 721, Rev. St. [U. S. Comp. St. 1901, p. 581], providing that the laws of the several states shall be regarded as the rules of decision in trials at common law in the courts of the United States, has been construed as not applying to criminal trials. U. S. v. Reid, 12 How. 361, 3 L. Ed. 1023. Section 858, Rev. St. [U. S. Comp. St. 1901, p. 659], which, after providing certain rules as to the competency of witnesses, reads: 'In all other respects, the laws of the state in which the court is held shall be the rules of decision as to the competency of witnesses in the courts of the United States in trials at common law and in equity and admiralty,' has also been held not to include criminal trials. Logan v. U. S., 144 U. S. 263, 12 Sup. Ct. 617, 36 L. Ed. 429; U. S. v. Hall (D. C.) 53 Fed. 352. In view of the similarity of the language used in the three statutes and of the construction put upon this language by the Supreme Court, I do not feel at liberty to construe section 916 as applying to judgments in criminal cases.

"In this connection section 1041, Rev. St. [U. S. Comp. St. 1901, p. 724], has given me some trouble. It provides that judgments in criminal and penal cases, as to the fine or penalty, may be enforced by execution against the property of the defendant in like manner as judgments in civil cases are enforced. But the best conclusion I can reach is that this section means nothing more than that the government, in enforcing judgments for fines and penalties, is not restricted to mere imprisonment of the defendant; that it may proceed also by execution against the defendant's property, as in civil cases. It would seem, therefore, that Congress has not seen fit to provide any greater rights for the federal government when collecting fines imposed in criminal cases by execution than are given individuals in the collection of private debts. It follows that the mere fact that the state of Virginia

in collecting fines is not hampered by the homestead laws, does not necessarily give the same right to the federal government. It is true that in this state an individual recovering a judgment for a tort has the right to subject the homestead. But nothing follows from this fact except that when the government recovers in Virginia in a civil action for tort its judgment can be enforced against the tort-feasor's homestead. It does not follow that the government's judgment in a criminal case can likewise be enforced against the convict's homestead. The analogy between a fine and a judgment in tort is strong; but it is only an analogy. If Congress had intended that the government should have greater rights in the states where the homestead is not exempt from torts, or in the two states (Thompson, Homestead, § 386) where commonwealth fines are not subject to exemption, than in other states, it would have made some specific provision for such cases. It is rather startling to be led to the conclusion that in this state the federal government has not as great rights in collecting fines as has the state, and that it has not even as great rights as has an individual recovering a judgment in tort. But I am forced to this conclusion not only because of the absence of any federal legislation specifically giving the government such rights, but also because of the intent evidenced by section 1042. This section provides for the discharge from prison of a convict if he has no property exceeding $20 except such as is exempt from civil precept for debt. This implies that the exemption is allowed the convict notwithstanding that his homestead is not by the state law exempt from process for the collection of a state criminal judgment; otherwise, why 'civil precept' for debt? Again, imprisonment for debt, or for the nonpayment of a fine, was ever imposed merely to coerce payment thereof. It would be anomalous to discharge one imprisoned for nonpayment of a fine if the very affidavit made to effect his release showed that he had, or might have, property subject to the payment of the fine. If it has been the intent of Congress to subject the homestead in Virginia and Georgia to fines because these two states subject it, I think some special and specific provision would have been made as to these two states. The absence of any such provision leads to the belief that Congress, whether to have uniformity throughout the United States in the collection of fines, or because it adopted the view that the homestead was intended for the benefit of the family, and as a shield against the improvidence, indolence, or criminality of the head of the family, intended that in all the states the government should have no greater rights against the homestead than the state law gives to the least favored individual judgment creditors.

"It is certain, as seen by its own homestead statutes, that Congress has adopted the view that the general policy of the homestead exemption laws is a wise one. It is also certain, as is shown by section 1042, that, at least in the majority of the states, Congress does not intend that the homestead shall be subjected to the payment of fines imposed for violation of the federal statutes. The federal government is great enough and wealthy enough to make very plausible the contention that Congress intended that in every state having any sort of homestead exemption laws the families of poor convicts should have the benefit of such exemptions. These views, which I must confess are not entirely satisfactory, are in some measure strengthened by the following language, used in the opinion in Fink v. O'Neil, 106 U. S. 272, 1 Sup. Ct. 325, 27 L. Ed. 196: 'Nothing can be more clear than this [referring to section 1042, Rev. St.] as a recognition by Congress that in case of execution upon judgments in civil actions the United States are subject to the same exemptions as apply to private persons by the law of the state in which the property levied on is found, and that by this provision in favor of poor convicts it was intended, even in case of sentences for fines for criminal offenses against the laws of the United States, that the execution against property for its collection should be subjected to the same exemptions as in civil cases.'

"It follows that the demurrer must be overruled.

"No opinion is expressed as to the legality of a levy of execution on real estate in a criminal case, as it is unnecessary to determine this question."

The decree appealed from is affirmed.