Hat, Judge,
delivered the opinion of the court:
The question for decision in this case is the proper construction to be given to the following provision contained in the act of March 3, 1899, 30 Stat. 1007:
“ * * * all officers, including warrant officers who have been or may be appointed to the Navy from civil life shall, on the date of appointment, be credited, for computing their pay, with five years’ service.”
The plaintiff enlisted in the United States Navy July 13, 1908, for a period of four years. On July 12, 1912, his term of enlistment expired and on that day he was honorably discharged from the service of the United States. On August 1, 1912, the plaintiff accepted a temporary appointment as paymaster’s clerk, United States Navy. Prior to and at the time of his discharge from the service the plaintiff had no intention of again enlisting or serving with the military or naval forces of the United States. The evidence in the case, which is voluminous as to his intention, makes it certain that he had no such intention at the time of his discharge or prior thereto, and that he fully intended to enter civil life permanently.
We are fully in accord with the principles laid down in the case of Barber v. United States, 50 C. Cls. 250, 255, 256. But we think that the circumstances of this case fully warrant us in deciding that the plaintiff was appointed to the position of paymaster’s clerk from civil life. He was an enlisted man; he had taken steps to enter into civil pursuits upon his discharge, and it was not until his plans for that purpose had been foiled that he accepted the appointment. In the construction of the statute it seems to us that the circumstances of each case must be weighed, and when it is evident that there was no intention to remain in or to enter the service upon discharge or resignation, the person must be given the benefit of the statute, and we are of opinion that the plaintiff reentered the service after his discharge “ from civil life ” both within the spirit and the letter of the statute.
*23 The contention is made that the plaintiff made no protest as to his pay, but this is negatived by the report of the Comptroller General, which discloses the fact that the plaintiff in 1912 or 1913 applied for the payment of the money which he claimed was due him by reason of his appointment from civil life. This claim was denied by the accounting officers, and was not finally disposed of until 1919.
The claim of the Government that section 205 of the soldiers and sailors civil relief act, 40 Stat. 443, does not apply to the plaintiff, and that he can not benefit by it, can not be upheld. The said section reads as follows:
“ That the period of military service shall not be included in computing any period now or hereafter to be limited by any law for the bringing of any action by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action shall have accrued prior to or during the period of such service.”
The plaintiff will be awarded a judgment in the amount which may be found due him by an official computation of the accounting officers of the Government. It is so ordered.
Git ah am, Judge; DowNey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.
• The case having been remanded and proof taken, an order of the court was entered October 25, 1926, amending Finding IV by striking out the words and figures “ approximately $6,000 ” and substituting therefor the figures “ $7,026.15,” and granting judgment in favor of the plaintiff in the sum of $7,026.15.