## UNITED STATES v. PRATT.

District Court, D. New Hampshire. December 31, 1927.

No. 537.

**1. Fines ⚖️11—Fine imposed in criminal proceeding may be enforced by imprisonment (Rev. St. § 1042 [now 18 USCA § 641]).**

Under Rev. St. § 1042 (now 18 USCA § 641), fine imposed on defendant in criminal proceeding may be enforced by imprisonment, since statute implies that this may be done.

**2. Fines ⚖️13—Defendant, relieved of imprisonment after serving 30 days, by taking poor debtor's oath, was not relieved from payment of fine; "thereupon such convict shall be discharged" (Rev. St. §§ 1041, 1042, now 18 USCA §§ 569, 641).**

Under Rev. St. §§ 1041, 1042, now 18 USCA §§ 569, 641, defendant, having been relieved of imprisonment after serving 30 days in jail, by being permitted to take poor debtor's oath, was not thereby relieved from payment of fine imposed, since words "thereupon such convict shall be discharged" refer to his discharge from imprisonment, and not from any pecuniary obligations imposed.

At Law. Action of debt by the United States against Lucien Pratt. Judgment in accordance with opinion.

Raymond U. Smith, U. S. Atty., of Concord, N. H.

Ivory C. Eaton, of Nashua, N. H., for defendant.

MORRIS, District Judge. This is an action of debt, brought by the United States against the defendant, Lucien Pratt, to recover a fine imposed upon the defendant in a criminal proceeding. The defendant filed a plea of nil debit.

Upon hearing, the following facts appear:

On the 28th day of April, 1925, an indictment was returned against the defendant, Lucien Pratt, charging him with illegal transportation of 80 gallons of alcohol. On May 6, 1925, Pratt was arraigned and pleaded guilty to the charge, and was ordered to pay a fine of $500 and costs, taxed at $37.16, and to stand committed until the fine and costs were paid. The fine and costs were not paid, and Pratt was committed to jail. At the end of 30 days he was taken before a commissioner, examined, permitted to take the "poor debtor's oath," and was discharged. Action of debt was brought against him on the 23d day of September, 1927, to recover said fine and costs.

The defendant resists payment on the ground that, having served 30 days in jail and been discharged, he is relieved from further liability.

The case presents the question whether the defendant, having been relieved of imprisonment by being permitted to take the poor debtor's oath, is also relieved from payment of the fine.

R. S. § 1042 (17 Stat. 198 [18 USCA § 641]), provides as follows:

"When a poor convict, sentenced by any court of the United States to pay a fine, or fine and cost, whether with or without imprisonment, has been confined in prison thirty days, solely for the non-payment of such fine, or fine and cost, he may make application in writing to any commissioner of the United States court in the district where he is imprisoned, setting forth his inability to pay such fine, or fine and cost, and after notice to the district attorney of the United States, who may appear, offer evidence, and be heard, the commissioner shall proceed to hear and determine the matter; and if on examination it shall appear to him that such convict is unable to pay such fine, or fine and cost, and that he has not any property exceeding twenty dollars in value, except such as is by law exempt from being taken on execution for debt, the commissioner shall administer to him the following oath. * * * And thereupon such convict shall be discharged, the commissioner giving to the jailer or keeper of the jail a certificate setting forth the facts."

R. S. § 1041 (17 Stat. 198 [18 USCA § 569]), provides that judgments in criminal and penal cases, as to the fine or penalty, may be enforced by execution against the property of the defendant in like manner as judgments in civil cases are enforced.

[1] It has been suggested that there is no

federal statute which in terms provides that a fine imposed may be enforced by imprisonment, but it seems to me that section 1042 implies that this may be -done. The real question hinges upon the interpretation to be given the words "thereupon such convict shall be discharged."

Few cases have been found in the Federal Reports bearing upon the question presented. In fact, the only one which seems to have had under consideration the precise point is Allen v. Clark (C. C. A.) 126 F. 738, in which Goff, C. J., says: "Had the question suggested during the consideration of this case by this court, viz. 'Did the taking of the oath under section 1042 of the Revised Statutes of the United States release the appellee from the payment of the fine, as well as from the imprisonment imposed?' been disposed of by an affirmative answer, the result would have been an affirmance of the decree appealed from, but for reasons other than those assigned by the court below. That question having been answered in the negative, it remains to be determined if there was error in said decree," etc.

It is apparent that the Circuit Court of Appeals in the Fourth Circuit had under consideration during the argument of the case the question here presented and 'answered it in the negative. This is the only federal authority that we have been able to find wherein the precise question appears to have been raised. Reference is made to section 1042 in the case of Fink v. O'Neil, 106 U. S. 272, 284, 1 S. Ct. 325, 27 L. Ed. 196, but the facts in the case are so different from the instant case that I do not get any assistance from it. It seems to me that the right to imprison for nonpayment of a fine is and always has been a right inherent in a court to enforce its orders with reference to fines and except for the limitations contained in Revised Statutes, § 1042, the person convicted would have to remain in jail for nonpayment of a fine until released at the pleasure of the court.

[2] Section 1042 was enacted for the relief of poor convicts under such circumstances and the entire section deals with the subject of imprisonment and relief from imprisonment, and has no reference to a discharge of the pecuniary obligations to the government. I therefore interpret the word "discharge" to refer to "his discharge from imprisonment," and not from any pecuniary obligations imposed. This ruling seems to be in line with the decision of the Circuit Court of Appeals in the case of Allen v. Clark, supra. See, also, Bishop's New Criminal Procedure, vol. 2,

par. 1306; McMeekin v. State, 48 Ga. 335; State v. Richardson, 18 Ala. 109; In re Boyd, 34 Kan. 570, 9 P. 240; Commonwealth v. Long, 5 Bin. (Pa.) 489.