HOLLANDALE ICE CO. *v.* BOARD OF SUP'RS, WASHINGTON COUNTY.

(Division B. Nov. 19, 1934.)

[157 So. 689. No. 31478.]

516

**S. V. Anderson**, of Greenville, for appellant.

**Wynn, Hafter & Lake,** of Greenville, for appellee.

518

Argued orally by **S. V. Anderson**, for appellant, and by **William T. Wynn**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The Hollandale Ice Company, a partnership, appellant here, on January 1, 1927, applied to the attorney-general for an exemption from state and county ad valorem taxes under chapters 138 and 139, Laws 1922, and chapter 172, Laws 1926. This exemption was granted by the attorney-general and was filed for record in the office of the chancery clerk of Washington county on February 19, 1927. The board of levee commissioners gave notice to the county tax collector to have the property of the appellant assessed for levee taxes for the years 1927, 1928, 1929, and 1930. The tax assessor served notice, and the board of supervisors made an assessment for levee taxes for said years, and from this assessment an appeal was taken to the circuit court and tried upon an agreed statement of facts in vacation. The assessed value of the property for said years was agreed to, as was also the notice given in pursuance of section 3198, Code 1930, and laws amendatory thereto. It was also agreed that the appellant applied for and obtained exemption from state and county ad valorem taxes on its Washington county property under the provisions of chapter 172, Laws 1926, and that said exemption was filed in the chancery clerk's office. It was further agreed that the personal property did not appear upon the personal roll for the exempt years, and that the question for determination by the court was whether or not the exemption applied for by the ice

company exempted its property from the ad valorem tax of the board of Mississippi levee commissioners, and that said board had levied an annual ad valorem tax on all the real and personal property in Washington county for said years.

The circuit court affirmed the judgment of the board of supervisors for the levee taxes.

By section 1 of chapter 138, Laws 1922, it was provided that new factories and public utility enterprises, enumerating them and including ice factories therein, wherever established, are granted exemptions from ad valorem taxation on tangible property for a period of five years, the time of such exemption to commence from the charter, if a corporation, and, if an individual, then from the commencement of the work.

By section 2 of this chapter it is provided that the party claiming such exemption shall apply to the auditor, who, with the written advice of the attorney-general, shall determine whether the property is exempt.

By section 3 of this chapter it is provided that all municipalities may grant like exemptions for five years.

By chapter 139, Laws 1922, the section granting exemptions was amended so as to include other enterprises, including ice factories.

By chapter 172, section 1, Laws 1926, it was provided that any corporation, firm, or person, claiming exemption from state and county ad valorem taxation as a new factory or enterprise of public utility, shall file an application, in triplicate, with the attorney-general, who, by section 2, shall investigate. If he shall approve, he shall notify the chancery clerk stating the property exempt and the date when such exemption begins and ends, and the chancery clerk shall record same. By section 3 the attorney-general is required to file in his office one copy of each application, his written statement approving or disapproving same, and all documents and

papers relative thereto. Section 4 provides that, "Upon filing each application for exemption from state and county ad valorem taxation under any state law, the applicant shall pay an investigation fee to the attorney-general on the basis set out below, such fee to be used and expended by the attorney-general, in his discretion for making such investigation as in each case may be necessary." By section 5, the attorney-general is given the power, if he shall find that the business is not entitled to exemption, to notify the state tax commission, the board of supervisors, the chancery clerk, and tax assessor of the county in which such business is located, and the authorities shall assess said business according to law and thereafter the same shall be taxable.

The act of 1922 did not purport, upon its face, to be an amendment of prior acts, but the rule is that, where there is an enactment covering the entire subject-matter, the last act repeals the former act. Ascher & Baxter v. Edward Moyse & Co., 101 Miss. 36, 57 So. 299; M. & O. R. R. Co. v. Weiner, 49 Miss. 725; Myers v. Marshall County, 55 Miss. 344; State ex rel. Knox, Atty.-Gen., v. Wyoming Mfg. Co., 138 Miss. 249, 103 So. 11; Swift & Co. v. Sones, 142 Miss. 660, 107 So. 881.

In construing statutes, the court looks to the entire legislation upon the subject, and determines the policy of the Legislature from a consideration of all the statutes together. Middleton v. Lincoln County, 122 Miss. 673, 84 So. 907; Barrett v. School District, 123 Miss. 370, 85 So. 125, and 3 Mississippi Digest, title "Statutes," section 225.

Exemptions from taxation are to be strictly construed, and a party must bring himself within the statute in order to obtain the exemption. The right to exemption is a statutory right, dependent upon statutes, and the proceedings to obtain same are exclusive. Enochs v. State, 128 Miss. 361, 91 So. 20; State v. Piazza, 66 Miss. 426, 6 So. 316, and Decennial Digests, Taxation 572.

In the case at bar, the right to exemption and the proceedings to obtain it are exclusive, and the exemption can only be obtained by strict accordance with chapter 172, Laws 1926. The exemption granted here not coming within the proceedings therein prescribed, the appellant is not entitled thereto, and the judgment of the court below will be affirmed.

Affirmed.