### GULLY, Tax Collector, et al. v. MEMPHIS NATURAL GAS CO.*
### No. 7869.

Circuit Court of Appeals, Fifth Circuit.

Feb. 14, 1936.

J. A. Lauderdale, of Jackson, Miss., Walter Sillers, of Rosedale, Miss., and Edward W. Smith, of Clarksdale, Miss., for appellants.

Garner W. Green, Marcellus Green, and Forrest B. Jackson, all of Jackson, Miss., and Walter P. Armstrong and T. A. McEachern, Jr., both of Memphis, Tenn., for appellee.

*Writ of certiorari denied 56 S. Ct. 958, 80 L. Ed. —.

Before SIBLEY, HUTCHESON and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal presents substantially the same general question of exemption from state and county taxation raised and this day decided in Gully's appeal, Gully v. Interstate Natural Gas Co. (C.C.A.) 82 F.(2d) 145. The question was presented below and comes up here in substantially the same way. There are some differences in the facts of the two cases, none of them substantial. In that case, the exemption period had expired; in this one, three years of it had run. In that case the taxes claimed were $156,000; in this one, $350,-000. By the pipe lines involved in this case more Mississippi communities are served than by the pipe lines in that case. In that case there was no contention that the exemption claim had not been made in due form and time. In this one it is insisted that, made in the middle of the first exemption year, it came too late for that year.

We think we may dismiss this contention without discussion, as plainly without merit, and that as relates to the question of state and county tax exemption, the facts of the two cases are the same. For the reasons given in the Interstate Natural Gas Co. Case, the decree is therefore, as to the state and county exemption, affirmed.

The pipe line of appellee in this case runs through two levee districts. In the assessment and collection program of the appellants, levee district taxes were included with those of state and county. As a second and subordinate point, this appeal therefore raises the question whether the exemption the statute confers is limited to state and county taxes, or extends too, to levee district taxes.

On September 17, 1934 the District Judge, in an opinion on the motion to dismiss, reserved his views on this point until the final decision of the cause.[1] Then, without discussion of the point, or reference to it in either his findings of fact or conclusions of law, he on May 15, 1935, entered a decree that, "Plaintiff holds and has a valid exemption from state, county, and levee taxes."

In November, 1934, while the case was pending in the federal court, the Supreme Court of Mississippi in Hollandale Ice Co. v. Board of Supervisors of Washington County, 171 Miss. 515, 157 So. 689, held that the grant of exemption from state and county taxes the statutes provide does not extend to levee taxes, but is limited to those of state and county. Appellants insist that we are bound by, or at least ought to follow, that decision. Edward Hines Yellow Pine Trustees v. Martin, 268 U.S. 458, 45 S.Ct. 543, 69 L.Ed. 1050; Chicago, M., St. P. & P. R. Co. v. Risty, 276 U.S. 567, 48 S.Ct 396, 72 L.Ed. 703; Sioux County v. National Surety Co., 276 U.S. 238, 48 S.Ct. 239, 72 L.Ed. 547; Hawks v. Hamill, 288 U.S. 52, 57, 53 S.Ct. 240, 77 L.Ed. 610.

Appellee insists that the Hollandale Case was not correctly decided, and since decided after its exemption had been granted, we are not bound, we ought not, to follow it. It argues that the Levee Board under the statutes of Mississippi is a municipal corporation, having no inherent power to tax, but only that the statute confers. It calls attention to the provision of the statute under which it is proposed to levy, and assess the taxes, chapter 154, General Laws of Mississippi 1932. It insists that this statute, authorizing it to levy taxes expressly limits the levying to property subject to state and county taxes, and excludes from the levying all exempt property.[2]

Pointing to the provision excepting property "exempt from taxation under the general laws of the State of Mississippi," it insists that since its property is undeniably exempt, it certainly may not be taxed. It argues that the Hollandale Case did not decide the real question here for decision, which is, not whether the stat-

---

[1] Memphis Natural Gas Co. v. Gully (D.C.) 8 F.Supp. 169.

[2] Subdivision (b), § 7, chap. 154, General Laws of Mississippi 1932, an act to provide a system for raising revenue in the Mississippi Levee District, provides: "A uniform ad valorem tax not exceeding 10 mills on the assessed value of all property of every kind, except such as is exempt from taxation under the general laws of the State of Mississippi, lying and situated within the Mississippi Levee District as the same shall appear upon the assessment rolls of the counties * * * and as the same shall appear upon the assessment rolls made and certified by the Mississippi State Tax Commission or its successor assessing property tangible or intangible within said district."

utes have granted an exemption from Levee Board taxation, but whether, by exempting its pipe lines from state taxation, they have not removed its property from the sphere of such taxation.

We cannot agree with appellee that we are at liberty to or should, in the face of the Hollandale decision, declare its property not subject to Levee Board taxation. That decision construed and applied the taxing statutes of Mississippi. There the sole question for decision was whether the grant of an exemption from state and county taxes was a grant, too, of exemption from Levee District taxes. Construing the meaning and effect of the Mississippi statutes, it held that the statute for claiming the exemption had limited the claim to state and county taxes, and that, as to Levee Board taxes, the property so claimed as exempt "was not exempt from taxation under the general laws of Mississippi."

We need not determine whether if, on an independent view of the statutes, we were inclined to disagree with their conclusion, we should nevertheless be bound to follow it. For the conclusion that court has reached, that the Mississippi statutes do not purport to, they do not, grant an exemption from Levee District taxes, and that one holding a grant of exemption from state and county taxes may not escape the payment of levee taxes, seems reasonable to us.

So much of the decree, then, as relates to state and county taxes, is affirmed. That part of it which relates to Levee District taxes is reversed, with directions to dismiss the bill as to those.

Affirmed in part, and reversed in part.