JoNes, Chief Justice,
delivered the opinion of the court:
This action is for extra compensation for Sunday and non-wartime holiday services performed at Del Rio, Texas, where an international toll bridge is located.
Plaintiff has served continuously since 1931 as Inspector of Customs of the United States, except for two years eleven months and twenty-two days which he spent in the ipilitary service.
The parties, by stipulation, have agreed that plaintiff’s right to recover is controlled by United States v. Myers, 320 U. S. 561. The parties have agreed that judgment may be entered when the issue of law submitted in the stipulation has been determined by the court.
The question is whether the statute of limitations confines the recovery of extra compensation to the period of six years prior to August 31, 1945, the date of the filing of this suit.
The parties have further stipulated that, if the military service tolls the otherwise applicable statute of limitations', the plaintiff is entitled to recover extra compensation for Sunday and holiday services during a lengthened period equivalent to the time spent in such military service.
*659 The pertinent provisions of the Soldiers’ and Sailors’ Relief Act, 54 Stat. 1181, are set out in the stipulation of the parties, pp. 5 and 6.
Section 102 (1) of the act makes its' provisions applicable to proceedings in any court of this country. Section 205, as amended, 56 Stat. 770, reads as follows:
The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after the date of enactment of the Soldiers’’ and Sailors’ Civil Relief Act Amendments of 1942 [Oct. 6, 1942] be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax or assessment.
These provisions seem so clear that a wayfaring man, though unschooled in the ordinary canons of legal interpretation, need not err in arriving at the intention of the Congress' as expressed in the terms of the act.
There is a rule, however, that a sovereign is presumptively not bound by its own statutes unless expressly named therein. This rule is subject to certain exceptions and is generally applied where there is doubt as to the proper construction. United States v. California, 297 U. S. 175; Nardone v. United States, 302 U. S. 379.
In the Nardone case, supra, the court uses the following language:
The canon that the general words of a statute do not include the government or aifect its rights unless the construction be clear and indisputable upon the text of the act does not aid the respondent. The cases in which it has been applied fall into two classes. The first is where an act, if not so limited, would deprive the sovereign of a recognized or established prerogative title or interest. * * *
*660 The second class — that where public officers are impliedly excluded from language embracing all persons— is where a reading which would include such officers' would work obvious absurdity as, for example, the application of a speed law to a policeman pursuing a criminar, or the driver of a fire engine responding to an alarm.
In the case of Green v. United States, 9 Wall. 655, 657, the court in commenting on this principle makes the following statement:
We see no reason why these acts' should not be applied to trials in which the United States are a party, as well as those between private persons. The express exception of executors, administrators, and guardians would seem,, by necessary inference, to leave all other suitors under the operation of the law. It is urged that the government, is not bound by a law unless expressly named. We do not see why this rule of construction should apply to acts of legislation which lay down general rules of procedure in civil actions.
Section 205 of the Act of 1940 (54 Stat. 1181) is substantially the s'ame as section 205 of a' similar act made effective-in 1918 (40 Stat. 443). This court has held that section 205-of the Act of 1918 served to validate suits which would otherwise have been barred by the statute of limitations. Cronin v. United States, 62 C. Cls. 20; Arnold v. United States, 65 C. Cls. 43.
When the Soldiers’ and Sailors’ Relief Act of 1940, as amended, sufra, is read as a whole there can be no doubt that it is applicable to the several agencies of government as well as to private individuals.
We hold that plaintiff’s period of active military service should be excluded in computing the six-year statute of limitation, that section 205 of the Act of October 17, 1940, as amended, supra, applies to the instant case, and that plaintiff’s period of military service is the period of “Active Federal Service in the Army of the United States” as shown by the Certificate of Service, attached to the stipulation. To hold otherwise would seriously discriminate against any one in the employ of the Government who might be called into the military service.
The audit of plaintiff’s claim should begin with the date two years, eleven months and twenty-two days prior to August *661 31, 1939. Plaintiff is entitled to recover extra compensation for Sunday and non-wartime holiday services rendered after that date.
Entry of judgment is suspended pending the filing of a stipulation showing the amount due plaintiff in accordance with this opinion. It is so ordered.
Howell, Judge; Maddest, Judge; Whitaker, Judge; and LittletoN, Judge, concur.
Upon a stipulation by the parties in accordance with the above opinion stating that the audit of accounts made by the Bureau of Customs shows the extra compensation due plaintiff for the period from August 9, 1936, to March 16, 1941, inclusive, to be $2,507.30, and upon plaintiff’s motion for judgment which was allowed, judgment was entered April 5,1948, for the plaintiff in the agreed sum of $2,507.30.