LEWIS ORMAND *v.* WILLIAM WIRT WHITE ET AL.

CONSTITUTIONAL LAW. *Constitution* 1890, *sec.* 33. *Stock law.* *Code* 1892, §§ 2055–2059. *Statute.* *Operation on future contingency.*

The operation of a statute may be dependent upon a future contingency, without being unconstitutional, and §§ 2055-2059, Code 1892, providing for the establishment of stock-law districts by petition and vote, do not violate sec. 33, Constitution 1890, vesting the law-making power of the state in the legislature.

FROM the circuit court of Scott county.

HON. JOHN R. ENOCHS, Judge.

White and others, the appellees, instituted proceedings for the establishment of a stock-law district, under Code 1892, § § 2055–2059; Ormand, the appellant, opposed and defeated the proceeding before the board of supervisors. The present appellees, White and others, appealed the controversy to the circuit court, and there succeeded in having the order of the board of supervisors denying their petition reversed. From this judgment of the circuit court Ormand appealed to the supreme court, contending that the statute, Code 1892, §§ 2055–2059, upon which the proceeding was based, is unconstitutional, repugnant to Constitution 1890, sec. 33, and an effort to delegate legislative power.

*S. H. Kirkland,* and *R. L. Bullard,* for appellant.

*J. B. Sullivan,* for appellees.

WHITFIELD, C. J., delivered the opinion of the court.

It is far too late now to question in Mississippi the constitutionality of the statutes like the one here assailed. That the act is constitutional is thoroughly settled by the cases of *Schulherr* v. *Bordeaux,* 64 Miss., 59 (8 South. Rep., 201), and *Alcorn* v. *Hamer,* 38 Miss., 652, with the authorities cited in these two cases and in the briefs of counsel in the two cases. The case

so strongly relied on by counsel for appellant, *Lammert* v. *Lidwell*, 62 Mo., 188 (21 Am. St. Rep., 411), was also relied on in the case of *Schullherr* v. *Bordeaux*, above cited.

                                                    *Affirmed.*