GULLY, STATE TAX COLLECTOR, *v.* WILMUT GAS & OIL CO.

(Division B.  Feb. 10, 1936.)

[165 So. 620.  No. 32075.]

**E. C. Fishel,** of Hattiesburg, for appellant.

John R. Tally, of Hattiesburg, and **Green, Green & Jackson**, of Jackson, for appellee.

798

Argued orally by **E. C. Fishel**, for appellant, and by **Garner W. Green**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant brought this action in the circuit court of Forrest county against appellee to recover for the coun-

ty of Forrest and certain taxing districts therein the ad valorem taxes on appellee's property situated in said county and taxing districts for the years 1933 and 1934. The cause was tried by agreement before the circuit judge, sitting as judge and jury, on the pleadings and agreed facts. There was a final judgment in appellee's favor, from which judgment the appellant prosecutes this appeal.

Appellee's property sought to be taxed consists of conduits and pipe lines and other property and equipment and appliances used in the transportation and distribution of natural and artificial gas. The question is whether under section 182 of the Constitution and sections 3109-3112, inclusive, of the Code of 1930, adopted in pursuance of that constitutional provision, and the orders and resolutions of the board of supervisors of Forrest county, adopted under the authority of those statutes, the appellee was entitled to the exemption from ad valorem taxes claimed for the years 1933 and 1934.

Section 182 of the Constitution provides that the power to tax corporations and their property shall never be surrendered or abridged by any contract or grant to which the state or any political subdivision thereof may be a party, except that the Legislature may grant exemption from taxation in the encouragement of manufactures and other new enterprises of public utility for a period of five years, the exemption to commence from date of charter, if a corporation, and if an individual enterprise, from the commencement of work; but such exemptions shall be by general laws which shall distinctly enumerate the classes of manufactures and other new enterprises to be exempt, and the mode and manner in which the right to the exemptions shall be determined. Section 3109, Code of 1930, provides that new factories and new enterprises of public utility shall be granted exemption from ad valorem taxation, except state ad valorem taxation, in

the manner provided in the next three sections, on tangible property used in, or necessary to the operation of, the service or industry named, but not upon the products thereof, for a period of five years, the time of such exemption to commence from the date of the charter, if a corporation, and if an individual enterprise, from the commencement of work. The statute covers, among other things, all conduit and pipe lines and other property and equipment used in the transportation and distribution of natural and artificial gas.

Appellee's predecessor in title, the Public Service Corporation of Mississippi, was chartered on April 14, 1931, and completed its pipe line from the Jackson gas fields to the city of Hattiesburg in December of that year.

Sections 3110, 3111, and 3112 of the Code of 1930 follow:

"3110. *Declaration by board of supervisors.*—The board of supervisors of any county may enter an order on its minutes declaring it to be the intention of said board of supervisors to exempt from ad valorem taxation levied by the board of supervisors, except state ad valorem taxation, all new factories and new enterprises of public utility mentioned in the foregoing section which shall be hereafter constructed. Such order shall be spread on the minutes of the board of supervisors and shall thereafter be published in two issues of some weekly newspaper having a general circulation in said county. The board of supervisors shall also give notice by publication in two issues of some newspaper published in the county and having a general circulation therein, that said order will become final and effective within sixty days after its passage unless within thirty days after the publication of notice ten per cent of the qualified electors of the county petition the board of supervisors for an election to determine whether or not the adoption of such order should become effective or should be annulled. If

no petition is presented within said time, the order shall be valid and effective sixty, days after its passage. If a petition is presented and an election is called, and the adoption of such order is favored by a majority of those voting in the election, then the order shall become valid and effective. If less than a majority favor said order, then it shall be annulled.''

''3111. *Application for.*—Any person, firm or corporation claiming exemption from county ad valorem taxation as a new factory or new enterprise of public utility shall first file an application therefor in triplicate with the board of supervisors. Each copy shall be subscribed and sworn to by the individual making the application, or if a firm or corporation, by an officer or person duly authorized so to do. In the application, full information shall be given as to the property proposed to be exempted, the kind of articles to be manufactured, and the date from which exemption is claimed. Each application shall also show the actual true value of all such property sought to be exempted, whether the same is in existence at the time of the filing of the application, or is proposed to be subsequently built, purchased, owned, or in any manner acquired by applicant.''

''3112. *Hearing on application.*—At its next meeting after the filing of said application, the board of supervisors shall proceed to investigate the matter and determine whether the property is exempt. If the property is exempt, the board shall approve the application by order duly entered on its minutes fully describing the property to be exempted and the date when such exemption begins and expires, and the chancery clerk shall record the application, together with the order approving same, in a book kept in his office for the purpose, and shall file one copy of the application with the chairman of the state tax commission, and one copy with the state auditor of public accounts.''

At its May, 1931, meeting the board of supervisors of Forrest county passed an order exempting from county and county district ad valorem taxes certain named enterprises of public utility, one of which was all conduit and pipe lines and other property and equipment used in the transportation and distribution of natural and artificial gas. Later appellee acquired by foreclosure the property and franchises of the Public Service Corporation of Mississippi. The board of supervisors, in passing the order, complied in all substantial respects with sections 3109 and 3110. Appellee paid all ad valorem taxes on its property, state, county, and county district, for the year 1932. It did not claim the benefit of the exemption, as provided in section 3111, until August, 1933. At the August 1933, meeting of the board appellee filed a petition under section 3112 asking the benefit of the exemption, and the petition was granted. Both the petition and the order of the board granting it complied strictly with the provisions of the statute. The order granted appellee exemption from all county and county district taxes on its property for the balance of the five-year term. As above stated, the years involved are 1933 and 1934.

Appellant contends that the general order of exemption made by the board at its 1931 meeting under the authority of section 3110 was incomplete—was not final. To sustain that position, appellant lays stress on the language of the statute, "declaring it to be the intention of said board." That language must be construed in connection with what follows. The statute in unmistakable language provides that if no petition for an election is presented, "the order shall be valid and effective sixty days after its passage." No petition for an election was presented; there was no necessity for any other action by the board, therefore the order was complete and final.

Appellant also contends that under section 3111 ap-

pellee should have claimed the exemption within sixty days after the general order was made, otherwise it would not be entitled to it. This contention is without merit. Section 3111, providing for the method of claiming the exemption, fixes no time for the making of the application, except by implication it must be made during the five-year period of exemption. We see no good reason why a delay in claiming the exemption should be treated as a waiver of the right to it for any part of the five-year period. To illustrate: The exemption may be claimed for the last year of the period alone. Payment of the taxes for the previous four years would not be a waiver of the right for the remaining year.

Appellant argues that appellee is not entitled to the exemption granted its predecessor in title; that by appellee's purchase of the property and franchises of the Public Service Corporation of Mississippi at the foreclosure sale it did not acquire therewith the right of exemption belonging to the predecessor. This question was answered in the affirmative by Robertson v. Mississippi Packing Company, 134 Miss. 837, 98 So. 539.

Appellant contends that the power granted to the board of supervisors by these statutes is legislative power and violates section 33 of the Constitution, which vests all legislative authority in the Legislature, consisting of a Senate and a House of Representatives. It was held in Ormand v. White, 85 Miss. 276, 37 So. 834, that the operation of a statute may be dependent upon a future contingency without being unconstitutional; that the statute providing for the establishment of stock law districts by the boards of supervisors by petition and vote did not violate section 33 of the Constitution, vesting the lawmaking power in the Legislature.

The other questions argued are of so little merit as not to call for a discussion.

Affirmed.