(No. 23770.—

THE PEOPLE *ex rel.* Joseph L. Gill, County Collector, Appellee, *vs.* LAKE FOREST UNIVERSITY, Appellant.

*Opinion filed October 15, 1937.*

TENNY, HARDING, SHERMAN & ROGERS, (GEORGE T. ROGERS, S. ASHLEY GUTHRIE, and JOHN H. McBRIDE, of counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, (MARSHALL V. KEARNEY, JACOB SHAMBERG, and BRENDAN Q. O'BRIEN, of counsel,) for appellee.

Mr. JUSTICE HERRICK prepared the opinion of the court:

The county court of Cook county entered an order of judgment and sale against two parcels of real estate owned by appellant for non-payment of the general taxes assessed for the year 1933. Appellant has appealed from that judgment. The issue raised is whether the two improved tracts owned by appellant, not used by it for any curricular activities but rented to tenants, are exempt from taxation by the terms of appellant's charter. It was stipulated that the property involved is owned by "Lake Forest University."

Appellant was first incorporated as Lind University by an act of the legislature approved February 13, 1857. Section 9 provided, "All property, of whatever kind and description, belonging or appertaining to the corporate body created by this act, shall be and forever remain free and exempt from all taxation for any and all purposes whatever." (Private Laws of 1857, p. 516.) A power of amendment in this charter was reserved by section 18 in the following language: "Any future legislature may alter or amend this charter." (id. p. 514.) Subsequently, on February 16, 1865, the General Assembly passed a law entitled, "An act to amend an act entitled 'An act to incorporate Lind University.'" By this enactment the name of the corporation was changed to "Lake Forest University" and a complete new charter was substituted for the previous one. (1 Private Laws of 1865, p. 49.) The 1865 statute omitted the tax exemption privilege of the original charter but this subject, by special act of March 25, 1869,

was embodied in the charter in the following terms: "That all property, of whatsoever kind or description, belonging or appertaining to the Lake Forest University, shall be and forever remain free and exempt from all taxation for State, county or municipal purposes, excepting as provided in section (13) thirteen of the said act, approved February 16, 1865, of which this act is amendatory." (1 Private Laws of 1869, p. 43.) Section 13, referred to, relates only to special assessments or special taxes and is not applicable here.

Section 3 of article 9 of the constitution of 1848, in force when both the original and amended charters were granted, declares that "The property of the State and counties, both real and personal, and such other property as the General Assembly may deem necessary for school, religious and charitable purposes, may be exempt from taxation."

The appellant takes the position that (1) the tax exemption provisions of its charter embraced all of its property and constituted a contract between it and the State which was valid under the constitution of 1848 then in force; (2) there was no power in the State, either by constitution or statute, to abrogate or impair the obligation of that contract; that any constitutional or statutory provision purporting to do so is void under section 10 of article 1 of the Federal constitution and the fourteenth amendment thereto, and any such statutory provision is void under section 14 of article 2 of our State constitution, and (3) that even if there was power to repeal the tax exemption clause of its charter, neither the constitution nor the Revenue act can be construed to effect such repeal.

In support of appellant's contention, we are referred by it to *Northwestern University* v. *People*, 99 U. S. 309, 25 L. ed. 387, as sustaining its position. Northwestern University was incorporated under an act of our legislature passed in 1851. By an amendment to its charter in 1855, it was provided among other things "that all property, of whatever kind or description, belonging to or owned by

said corporation, shall be forever free from taxation for any and all purposes." A tax was levied against certain lands and town lots owned by the corporation not used or occupied for educational purposes but leased to various tenants. The university, by appropriate proceedings, resisted payment on the ground that such real estate, even though not a part of its academic premises, was nevertheless exempt from taxation under the terms of its charter. This court held the property was subject to taxation. (*Northwestern University* v. *People,* 80 Ill. 333.) The cause was taken to the Supreme Court of the United States on writ of error sued out by the university. The judgment of this court was there reversed and the exemption clause sustained. That court held that the provisions of the charter were ample to include any property owned by the corporation, and the exemption privilege granted constituted a contract which the State had no right to impair. This court yielded to the construction so placed upon our State constitution and the Northwestern University charter and followed those interpretations in *Northwestern University* v. *Hanberg,* 237 Ill. 185, where a similar attack was made on the same charter privilege. It will thus be seen that if the scope of the exemption contained in appellant's charter is such as to bring it clearly within the principles declared in the above holding by the United States Supreme Court, that fact will be decisive of all the issues raised here.

Well-recognized rules of construction in similar cases are applicable. It is a primary principle that, in any claim of immunity from taxation under legislative authority, the exemption must be plainly and unmistakably granted and cannot exist by implication only. (*People* v. *Bennett Medical College,* 248 Ill. 608; *People* v. *Chicago Theological Seminary,* 174 id. 177.) The intention to exempt must appear affirmatively. (*People* v. *Chicago Theological Seminary, supra.*) If the language used creates an ambiguity, then any doubt must be resolved against the grant. But

in arriving at a judicial interpretation of the concession, the duty of the court is not to determine whether a doubt may be claimed, but whether, in fact, an ambiguity exists. *Northwestern University* v. *Hanberg, supra.*

Appellee cites and principally relies upon *People* v. *Chicago Theological Seminary, supra,* as supporting the position that a strict construction of appellant's charter will demonstrate the lands in question are not within the charter exemptions claimed. The wording of the act of 1855 creating the Chicago Theological Seminary, so far as pertinent here is, "That the property, of whatever kind or description, belonging or appertaining to said seminary, shall be forever free and exempt from all taxation, for all purposes whatsoever." The issue raised was, whether the phrase "belonging or appertaining to said seminary" included all real estate owned by the corporation, or was confined to the premises occupied by and appurtenant to the buildings constituting the educational plant. The first section of the charter created certain designated persons and their successors a body politic and corporate as "The Board of Directors of the Chicago Theological Seminary" with power to acquire, hold and convey property, real and personal. The act contained only six numbered sections. The name of the corporation, as such, appears only in section 1 thereof. Section 2 provided for the location of "the seminary" in or near the city of Chicago. Section 4 referred to professors and teachers in "the seminary" and section 5 contained the exemption clause above quoted. We held that the expression "said seminary," as so used, was not synonymous with the corporate entity but the words were words of limitation descriptive only of the school site, as distinguished from other real estate owned by the corporation, and that the premises in question were taxable.

A somewhat similar charter was construed by this court in *People* v. *Soldiers' Home and Baptist Theological Union,* 95 Ill. 561. The pertinent language of the charter granted

under the constitution of 1848 in that case was "The property, real and personal, belonging to such corporation at any and all times hereafter, shall be free and exempt from all taxation and assessments, special or general, for any and all purposes whatever." It was there determined that the words "belonging to such corporation" brought all its property within the tax immunity provisions of its charter.

In *Chicago Home for Girls* v. *Carr,* 300 Ill. 478, we held the language of the charter granted under the constitution of 1848, exempting from taxation "all real estate or personal property held by or for the use of or occupied by said corporation," sufficient to include income-producing property owned by the corporation.

The liability to taxation of certain property owned by the Young Men's Christian Association was before us in *People* v. *Young Men's Christian Ass'n,* 365 Ill. 118. The charter amendment of February 21, 1867, provided in part "This association may purchase, hold, enjoy and convey those certain lots and premises, situated in the city of Chicago in this State, known and described as follows, to-wit: * * * which shall be forever exempt from taxation, either by State, county, municipal or any other authority or organization, except as hereinafter provided, and this association shall also have power to purchase, hold, enjoy, and convey other real estate for the purpose of establishing and maintaining free libraries and reading rooms and for benevolent and religious purposes, and the same while it shall be held or owned by or for said association, for its own use, together with all personal property, held or owned by or for said association, shall be in like manner exempt from taxation, except as hereinafter provided." Section 8 of the amendment stated, "In case the income of the said association exceeds the expenses and the disbursements necessary to carry on the objects of said association, the exemptions from taxation shall not apply to any such excess." etc. The premises involved in that

suit were improved with a hotel erected by the association in Chicago, in which rates for rooms were seventy-five cents to one dollar per day, but persons unable to pay those rates obtained rooms for fifty cents. The personal property used by the association in conducting the hotel, together with the laundry, cafeteria, news stand, haberdashery and other merchandising undertakings operated by it in conjunction with the hotel, was sought to be taxed. At the hostelry the association had eight paid secretaries and conducted church services and Bible classes on Sundays, and vesper services every evening. It supervised discussion clubs, and the secretaries were available to guests of the hotel for counsel and for advice. Reading rooms, libraries and a room where games could be played were also furnished. These various services, classes and facilities were free to those who cared to make use of them. Under the facts shown in that case we held the property in question was tax-exempt under the charter provisions.

It would seem, from these cases, that the decisive feature of each turns upon whether the language used imports ownership generally by the corporation, as such. In the act before us, if the words "that all property * * * belonging or appertaining to the Lake Forest University" are sufficiently comprehensive to embrace real estate owned, regardless of whether occupied by or appertaining to its physical plant, the premises in question, under the principles enunciated in *Northwestern University* v. *People, supra,* and in *Northwestern University* v. *Hanberg, supra,* must be construed as free from taxation.

The word "belong," among other definitions given in Webster's New International Dictionary, second edition, signifies "to be the property of." "Belong" primarily means "property of." (1 Words & Phrases, 4th ed.) Where property is referred to in an exemption clause as "belonging to" a designated corporation rather than to a place, the words "belonging to" have been construed to denote title

or ownership. *People* v. *Soldiers' Home and Baptist Theological Union, supra; People* v. *Baptist Theological Union,* 171 Ill. 304; *People* v. *Bennett Medical College, supra.*

Appellee asserts, however, that following the reasoning in *People* v. *Chicago Theological Seminary, supra,* the term "the Lake Forest University" refers to the academic structures and appurtenant grounds of the university and not to the corporation itself. In several of the seventeen different sections of its charter of February 16, 1865, reference is made to "the university" or "said university" but "Lake Forest University" appears only in section 1, establishing its name, and in section 2, in speaking of "the trustees of Lake Forest University." Moreover, the exemption provisions in the amendatory act of 1869 do not run to "the university" or "said university" but definitely describe the organized body by its corporate name, "Lake Forest University," the initial letter in each word being capitalized. In the *Chicago Theological Seminary case, supra,* the word "seminary" is capitalized in the name of the corporation appearing in section 1 of the act as "The Board of Trustees of Chicago Theological Seminary" but thereafter throughout the charter, including the exemption clause, reference is made to "the seminary" without capitalizing the initial letter. True, the term "corporation" was not inserted in the exemption clause in the instant case, but the institution was referred to by its corporate name. We can see no magic in the word "corporation" as distinguished from the name or title designating the corporation, as such, under the act of its creation. To say that Lake Forest University, in the sense used, denoted only the premises on which its school buildings were located is to suggest an ambiguity where none exists. The mere possibility of a doubt is insufficient. An unreasonable construction is not justified. The article "the," preceding "Lake Forest University," does not create the doubt asserted by appellee but strengthens the contention of appellant. If

the word "corporation" had been inserted in place of "Lake Forest University" in this clause, the word "the" would properly have preceded "corporation" in referring to the corporate entity. We cannot attribute obscurity of meaning or intention to a phrase which contains no uncertainty. The plain and literal significance of the words, "the Lake Forest University," in connection with the context of the tax-exemption clause, manifestly denotes the corporate association. To hold otherwise would put a strained construction on words which nothing in the act warrants. The exemption clause in appellant's charter, as above quoted, is applicable to the real estate here involved.

The judgment of the county court of Cook county is reversed.

*Judgment reversed.*