INGALLS SHIPBUILDING CORPORATION *v.* BOARD OF SUP'RS OF JACKSON COUNTY.

(Division A. April 5, 1943.)

[12 So. (2d) 521.   No. 35312.]

Ford & Ford and A. U. Krebs, all of Pascagoula, and D. W. Strickland, of Birmingham, Ala., for appellant.

300

H. P. **Heidelberg**, of Pascagoula, for appellee.

302

**McGehee, J.,** delivered the opinion of the court.

This is an appeal from a decision of the circuit court of Jackson County, Mississippi, holding certain property acquired by the appellant, The Ingalls Shipbuilding Corporation at Pascagoula, Mississippi, during the years 1940 and 1941 to be subject to ad valorem taxation by the county. The appellant operates a new factory or enterprise in that county under the provisions of Chapter 1 of the First Extraordinary Session of the Legislature of 1936, known as the ''Balance Agriculture With Industry Act,'' and amendments thereto, and is engaged as a shipyard in the construction of boats, vessels and other

watercraft within the meaning of Section 19 of the said Act.

The sole question involved for decision here is whether or not the exemtion granted in November, 1938, by the board of supervisors of the county to the said new enterprise under the provisions of the said Act is confined to property then owned by it and described in the order granting the exemption or includes property thereafter acquired by the enterprise in the expansion of the industry in which it is engaged and which is used in and necessary to the operation of same, and where such additional property is acquired before the expiration of the five-year period of exemption.

The pleadings in the case consist merely of the record of the board of supervisors showing the assessment of the property now involved for taxation, the objections of the appellant to the assessment, its bill of exceptions and petition for appeal and bond and the original orders of the board of supervisors granting the exemption in November, 1938, of the property then owned for use in its operation.

The case was submitted to the trial judge on the appeal to the circuit court under an agreed statement of facts showing that the appellant is a new factory or enterprise of public utility operating a large shipbuilding plant, pursuant to the provisions of the said Balance Agriculture With Industry Act; that as an inducement for the establishment of the said industry in Jackson County, Mississippi, there was conveyed to the said corporation certain lands which at that time were owned by the county and the title to which had been acquired by it under the provisions of said Act, and the granting of the exemption from taxation as aforesaid; that in granting the exemption in November, 1938, the board of supervisors of the county legally and regularly entered two orders, the first of which was adopted under the general exemption statute of new industry and the second under the provisions of Chapter 1 of the First Extraordinary Session of the

Legislature of 1936, known as the Balance Agriculture With Industry Act; that since the time of the granting of the said exemption the appellant purchased and acquired title to the additional lands now involved for taxation, and was prior to the first day of January, 1942, and is now, vested with the title to the same; and that the said additional lands were acquired by the appellant for the purpose of extending its shipyard, and that the same were prior to, on and since the first day of January, 1942, continuously utilized by the appellant corporation as a part of its shipbuilding plant, and that the same were at said time and are now, necessary to the operation and service of the said industry.

The period of the five years exemption granted under the provisions of the Balance Agriculture With Industry Act aforesaid will not expire until November, 1943, and in determining whether or not the appellant is entitled to the exemption on the additional lands acquired in 1940 and 1941 for the purposes aforesaid we shall deal only with its rights thereto under the provisions of the said Act and without reference to the provisions of the general laws of the State of Mississippi, Section 3109 of the Mississippi Code of 1930 and amendments thereto relating to exemption of new factories and new enterprises from ad valorem taxation.

The exemption which is granted under the provisions of Section 19, Chapter 1 of the First Extraordinary Session of 1936, known as the Balance Agriculture With Industry Act, as amended by Chapter 18 of the Laws of the Second Extraordinary Session of the same year, is broad and comprehensive and does not purport to except any property whatsoever other than the products of the industry, and the exemption is to be determined by whether or not the property claimed to be exempt is used in or necessary to the operation of such new enterprise. The pertinent provisions of that Section of the Act are as follows: "All new factories and new enterprises of public utility hereafter established under the provisions

of this act, or otherwise hereafter established as hereinafter enumerated, shall be exempt from all ad valorem taxation on tangible property used in or necessary to the operation of the service or industry hereinafter named, including structures already built or to be built, which are used in or necessary to the operation of the service or industry hereinafter named, but not upon the products thereof, for a period of five years, the time of such exemption to commence from the commencement of work for the construction of said factory or enterprise, or from the time of purchasing of the land or structure already built.''

It will be observed that the above provision of the Act grants a positive exemption from all ad valorem taxes on tangible property of the industry used in or necessary to the operation of the service or industry for a period of five years, except that the products of the industry are subject to taxation. And it will be further observed that the Act contains no provision as to when the property must be acquired by the industry during the five-year period in order that it may receive the exemption.

The case of Meador v. Mac-Smith Garment Co., 188 Miss. 98, 191 So. 129, 133, involved the question of the validity of the exemption granted by this Act, the contention being made that it contained no machinery for the granting of the exemption, and this court held that the statute was self-executing and that no machinery was necessary, that the only requirement was that the board of supervisors should find as a matter of fact that the enterprise seeking the exemption is a new enterprise of public utility, the court saying, among other things, that ''the statute itself grants the exemption without any further affirmative action by the board when a finding of fact is made by the board of supervisors to the effect that the factory to be operated is in fact a new enterprise of public utility.'' The additional land now involved for taxation meets these qualifications as is specifically agreed to under the agreed statement of facts.

The same reason for offering the inducement of exemption from ad valorem taxation for a period of five years to a new factory or enterprise as originally established continues in regard to its acquisition of additional property to expand its plant during such period, since the public policy and purpose declared by the Act itself recites in effect that it is to enable the natural resources and products of the state to be prepared for market therein instead of being carried beyond its boundaries for processing to the detriment of its citizens, and that the enactment of such legislation was for the purpose of relieving unemployment. Moreover, it is provided in said Section 19 of the Act that the period of such exemption is to begin from the commencement of work for the construction of said factory. or enterprise, and that such new factories and new enterprises of public utility shall be exempt from all ad valorem taxation on tangible property used in or necessary to the operation of the service or industry, and there is no exception as to property subsequently acquired for use in and necessary to the operation at any time during the five-year period of exemption granted by the provisions of the Act. In fact, it would be difficult in many instances for the board of supervisors to describe in its original order recognizing the right of the new industry to such exemption all of the property to be used in and necessary to such operation. For instance, the machinery used in the plant is entitled to such exemption and to hold that only such property as was owned by the industry at the time of granting the exemption is entitled thereto would preclude granting the exemption on machinery used in replacements; likewise, if there was only one building located on the land described at the time of the adoption by the board of supervisors of its order recognizing the right of the industry to the exemption, the new industry would be denied the exemption on additional buildings and machinery thereafter placed upon the land during the five-year period, notwithstanding that such additional buildings and ma-

chinery would enable the industry to further relieve local unemployment in keeping with the declared public policy and purpose of the Act.

In the case of Gully v. Wilmut Gas & Oil Co., 174 Miss. 794, 165 So. 620, it was held that the exemption may be claimed for the last year of the period alone; that the payment of the taxes for the previous four years would not be a waiver of the right for the remaining year. We find nothing in the Act to preclude the filing of a supplemental petition by the new industry before the board of supervisors for such additional exemption as the enterprise may be entitled to and the granting of a supplemental order by the board, if that should be deemed necessary in regard to additional property acquired for use in and necessary to the operation of the same during the period of exemption granted by the Act in question.

In the case of Southern R. R. Co. v. City of Jackson, 38 Miss. 334, 340, the court said: "The language of the Act of 1854 is, 'that the stock, fixtures, and property of said company shall be exempt from taxation,' &c. This is very broad and comprehensive; and there is nothing in the act from which it could be properly inferred that the language was used otherwise than in the general sense which it imports. The right of exemption is general and unqualified, without any expression indicating that it was not intended to extend to all matters of taxation over, which the legislature had power. There is no more reason for saying that the taxes, which cities and towns were authorized by pre-existing charters to impose for municipal purposes, were not intended to be embraced, than that taxes for county purposes imposed by the board of police, were not embraced. For the counties had the same right to impose taxes, and there was as great a necessity for collecting them for county purposes, as existed in the case of a city corporation. And the general words of exemption here employed are equally applicable to both." And the court further said that: "It was still property

of the railroad company, to whom it was assigned, for the purposes of her charter; and, therefore, entitled to the privilege conferred by the statute." Also that: "It is clear that the privilege conferred by the statute extended not only to property held by the railroad at the time of its passage, but to such as might be subsequently acquired within the period limited, for the purposes of the railroad, whether acquired by purchase from another railroad in a legal and valid manner or by other modes. [Evidently including property acquired by condemnation or by purchase from private individuals]."

And in the case of Northwestern University v. Hanberg, 237 Ill. 185, 86 N. E. 734, 735, it was held that the "Act Feb. 14, 1855, amending the charter of Northwestern University . . . exempting from taxation 'all property, of whatever kind and description, belonging to or owned by said corporation,' applies to real estate acquired subsequent to the adoption of such amendment, though such corporation has acquired such a large amount of real estate within the village in which it is situated as to impair the revenues of such village." It is unnecessary for the purpose of this decision that we hold that a new industry would be entitled to the exemption on subsequently acquired property if to grant the same would impair the revenues of the taxing unit, since no such condition is presented by the record now before us. And we pretermit any comment as to whether or not a new industry seeking the exemption under this Act on subsequently acquired property located some distance from and not physically connected with the original plant of such industry, and the use of which may not serve to relieve local unemployment as originally contemplated, since the property here involved is shown by the agreed statement of facts, for aught that appears to the contrary, to be used in and necessary to the local expansion and operation of the appellant's plant as originally established, and its acquisition and use is in furtherance of the relief of local unemployment, and should tend to in-

crease the same, bring additional prosperity to the county and community and increase local property values on adjacent property for assessment purposes.

From the foregoing views it follows that the judgment of the court below in denying the exemption on the additional property involved should be reversed and a judgment entered here in favor of the appellant.

. Reversed and judgment here for the appellant.