LEE, Justice, for the Court:
The County Court of Hinds County held that Machine Concepts, Inc. [Machine] was entitled to an ad valorem tax exemption on certain lands in the City of Jackson [City] for the years 1972 and 1973, the Circuit Court of Hinds County affirmed the County Court decision, and City appeals.
Mrs. Lois E. Sly owned the property and she leased same to Mississippi Chipping Company, Inc., which, in turn, subleased it to Machine. Mrs. Odessa Lee bought the land April 3,1973, at a tax sale for the 1972 ad valorem taxes. She also paid the 1973 taxes to protect her April 3 purchase. By stipulation, the tax sale was not permitted to mature.
The sole question is whether or not Machine had a valid tax exemption for the years 1972 and 1973 under the statutes relating to new factories and enterprises.
If Machine is correct in its contention that the exemption is valid, City will be required to refund nine thousand seven hundred seventy dollars fifty-seven cents ($9,770.57) to Mrs. Lee. If there is no exemption, Mrs. Lee will have a valid tax lien in said amount against the property.
On January 19, 1973, Machine filed an application for exemption from ad valorem taxes of City for a ten-year period beginning October 29, 1971, the date Machine commenced operations. The application related only to machinery and personal property and did not include real property.
On July 17,1973, City passed a resolution approving the application of Machine, the application and resolution were then approved by the Agricultural & Industrial Board as provided by statute, and on September 11, 1973, City entered a final order granting the exemption for a period of ten (10) years from and after October 29, 1971, on land, buildings, equipment and inventory. On May 7, 1974, City entered an order without notice to Machine, reciting that its previous order was erroneous and amended same to limit the exemption to personal property, thereby excluding the real property-
The trial court held that the real property was exempted from 1972 and 1973 ad valo-rem taxes, that the tax sale was void and that Mrs. Lee should recover from City the amount she had expended for said taxes.
Does a municipality have the authority to grant a tax exemption on property which was not listed in the application?
Supervisors and municipal authorities are authorized to grant exemptions, in their discretion, to commence from the date of completion of the new enterprise for which the exemption is granted. Mississippi Code Annotated § 27-31-101 (Supp.1976) [Appendix I].
The procedure to obtain the exemption is set forth in Mississippi Code Annotated § 27-31-107 (1972) [Appendix II] and requires that an application be filed with the municipality setting out full information as to the property proposed to be exempted, the kind of articles to be manufactured, and each application to show the true value of all property sought to be exempted.
Exemption statutes are strictly construed against those claiming the exemp *475 tion and they have the burden to establish their right to same. Myers v. Mississippi-Alabama State Fair, 257 So.2d 233 (Miss. 1972); Snapp v. State, 250 Miss. 597, 164 So.2d 752 (1964); Mutual Credit Union v. Mississippi Employment Security Commission, 241 Miss. 432, 131 So.2d 444 (1961).
In Hollandale Ice Co. v. Board of Supervisors, 171 Miss. 515, 157 So. 689 (1934), an application was filed and exemption was obtained from state and county taxes. The Board of Levee Commissioners assessed the property for levee taxes because the application failed to request a levee tax exemption. The levee tax was allowed, since the exemption could be obtained only by strict compliance with the exemption law.
The City could not grant an exemption on real property or personal property without an application being filed. It follows that where no exemption has been sought in an application such as here, the City had no authority to grant an exemption on real property. Thus, the order granting the exemption was a nullity insofar as it pertained to real property, and no notice was required to appellee when the City amended its order deleting the exemption on real property.
The statute provides that the time of such exemptions shall commence from the date of completion of the new enterprise and the question arises as to when and from what point the exemption begins. Obviously, it was the intent of the Legislature that counties and municipalities have the authority, in their discretion, to exempt new enterprises from ad valorem taxes for a period not exceeding ten (10) years. Since the new enterprise here commenced business on October 29,1971, a date after which the tax lien had attached and the levy probably had been made, in order to fulfill the intent of the Legislature, when should the tax exemption begin, if Machine had filed its application timely?
The tax lien attaches on real property January 1 of each year [Mississippi Code Annotated § 27-35-1 (1972)] and the taxing authority is required to make the levy at its September meeting. The taxes are payable on or before February 1 in the next succeeding year.
In Gully v. Wilmut Gas & Oil Co., 174 Miss. 794, 165 So. 620 (1936), the Court held that failure to claim an exemption did not waive the remainder of the period after the application was filed, and said:
“This contention is without merit. Section 3111, providing for the method of claiming the exemption, fixes no time for the making of the application, except by implication it must be made during the five-year period of exemption. We see no good reason why a delay in claiming the exemption should be treated as a waiver of the right to it for any part of the five-year period. To illustrate: The exemption may be claimed for the last year of the period alone. Payment of the taxes for the previous four years would not be a waiver of the right for the remaining year.” 174 Miss, at 807, 165 So. at 622-623.
In Meador v. Mac-Smith Garment Co., 188 Miss. 98, 191 So. 129 (1939), the Court stated:
“Finally, it is insisted that the appellee was not entitled to the exemption because the real estate assessments for the year 1936 and 1937 had been approved and had become final prior to the purchase of the property by the appellee on December 15, 1936. We think that this contention is also without merit, under the facts and circumstances of this case, since the levy of the taxes for the year 1937 and for the remainder of the period of exemption claimed, had not been made by the taxing authorities at the time the exemption was granted, and the obligation to pay the taxes for said years had not accrued on the part of the owner of the property at that time.” 188 Miss, at 115, 191 So. at 134.
We hold that, if an application for exemption from ad valorem taxes is finally approved by the taxing authorities prior to making the levy for said taxes, the property owner is exempted from ad valorem taxes for that year, and, in the event the final *476 order approving the exemption is entered after making the levy, the exemption begins for the tax year next succeeding entry of the final order even though the enterprise commenced doing business prior to the date of the levy. Otherwise, a new enterprise might be unable to obtain a tax exemption for the full ten (10) years, losing the first year applied for.
If an enterprise could wait three (3), five (5), or even nine (9) years to apply for tax exemption and obtain a retroactive exemption for those years in which it failed to seek same, the taxing authority, if required to refund taxes, could be placed in an untenable position on its revenues (refund of taxes). Also, tax collections and tax sales could become frustrated and disrupted. We hold that failure to apply timely for the exemption waives it for those years previous to the entry of the final order granting the exemption.
For the reasons stated, the case is reversed and judgment entered here for appellant, and the case is remanded to the trial court for entry of such further orders which may not conflict with this opinion.
REVERSED AND REMANDED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.
APPENDIX I
“County boards of supervisors and municipal authorities are hereby authorized and empowered, in their discretion, to grant exemptions from ad valorem taxation, except state ad valorem taxation. Said governing authorities in granting the exemptions herein provided, may, in their discretion, except from such exemption ad valorem taxes for school district purposes on all tangible property used in, or necessary to, the operation of the manufacturers and other new enterprises of public utility hereinafter enumerated by' classes, but not upon the products thereof and not including automobiles and trucks belonging to the said manufacturers or other new enterprises or public utilities operating on and over the highways of the State of Mississippi, for a period not to exceed ten (10) years. The time of such exemptions shall commence from the date of completion of the new enterprise for which the exemption is granted. The new enterprises which may be exempt are enumerated as and limited to the following: * * * ” Miss.Code Ann. § 27-31-101 (Supp.1976).
APPENDIX II
“Any person, firm or corporation claiming exemptions from municipal or county ad valorem taxation as provided in sections 27-31-101 to 27-31-117 shall first file an application therefor, in triplicate, with the governing authorities of the municipality or the county board of supervisors, as the case may be. Each copy shall be subscribed and sworn to by the individual making the application or, if a firm or corporation, by an officer or person duly authorized to do so. In the application, full information shall be given as to the property proposed to be exempted, the kind of articles to be manufactured, and the date from which exemption is claimed. Each application shall also show the true value of all such property sought to be exempted. The governing authorities of the municipality or county board of supervisors may, by resolution spread on its minutes, approve such application for all or any part of the property sought to be exempted, and for all or any part of the authorized period of exemption. In such case, the original of the application and a certified transcript of such approval shall be forwarded to the Mississippi Agricultural and Industrial Board, which shall proceed to investigate the matter and determine whether the property is eligible and should be exempted as heretofore defined. If the Mississippi Agricultural and Industrial Board determines, after investigation as to financial ability, business experience and technical qualifications of the person, firm, or corporation claiming the exemption, that the property sought to be exempted is eligible, and the creation and establishment of such industry will promote the industrialization of this state and will *477 supply employment to citizens of this state, and will otherwise promote the development of the community in which same is located, then it may, in its discretion, so certify to the governing authorities of the municipality or the county board of supervisors, as the case may be, by issuing its certificate of public convenience and necessity. If such property sought to be exempted is not eligible for such exemption, as above set forth, the Mississippi Agricultural and Industrial Board shall so certify. If the Mississippi Agricultural and Industrial Board certifies that the applicant is eligible for an exemption, it shall be discretionary with the board of supervisors or municipal authorities as to whether they grant the exemption, but in no event shall an exemption be granted if the Mississippi Agricultural and Industrial Board certifies that the applicant is not eligible for an exemption. The original copy of the application or exemption shall be returned to the governing authorities of the municipality or the county board of supervisors, as the case may be.” Miss.Code Ann. § 27-31-107 (1972).